**Dora M. RAYNOR, Plaintiff,**

v.

**UNITED STATES of America, Secretary of Housing and Urban Development, John Doe, Town and Country Realty, Inc., a corporation, Stanton Slocum, Clarion Mortgage Company, jointly and severally, Defendants.**

Civ. A. No. 84–951.

United States District Court,
D. New Jersey.

Oct. 29, 1984.

Paul R. Melletz, P.A., Cherry Hill, N.J., for plaintiff Dora M. Raynor.

Mary Gibbons Whipple, Asst. U.S. Atty., Trenton, N.J., for defendant United States, Secretary of Housing and Urban Development.

Carl L. Taraschi, Burlington, N.J., for defendants-third party plaintiffs Town and Country Realty, Inc. and Stanford Slovin.

Joseph A. McCormick, Jr., Weinberg & McCormick, P.A., Haddonfield, N.J., for defendant Clarion Mortg. Co.

## OPINION

BISSELL, District Judge.

The present lawsuit arises out of a complaint filed on March 7, 1984 by Dora M. Raynor, charging defendants with negligence and negligent misrepresentations. Defendants named in this action are the United States of America, the Secretary of Housing and Urban Development, John Doe, an unknown individual retained by HUD to properly maintain the subject property, Town and Country Realty, Inc., Stanford Slovin, and the Clarion Mortgage Company. As relief, plaintiff seeks compensatory damages of $4,060.31 together with interest, costs of suit and attorney's fees.

The matter was before the Court on September 10, 1984 pursuant to the motions of defendant Clarion Mortgage Company for summary judgment, and defendants the United States of America and Secretary of Housing and Urban Development for dismissal of the complaint. At that time the Court had a question concerning the jurisdictional basis upon which plaintiff's claim was based and ordered plaintiff to amend the complaint so as to set forth the basis of jurisdiction. On September 12, 1984, plaintiff filed an amended complaint asserting jurisdiction under 28 U.S.C. §§ 1346(a)(2) and (b) and setting forth in detail the attempts to exhaust all administrative remedies.

The relevant facts surrounding these motions are not in material dispute. On November 8, 1982 plaintiff entered into an

Agreement of Sale with the Secretary of the United States Department of Housing and Urban Development for the purchase of a single-family residence located at 20 Beechfern Lane in Willingboro, New Jersey. Stanford Slovin, of Town and Country Realty, acted as the realtor for the transaction, while Clarion Mortgage Company provided plaintiff with financing. The property in question had been unoccupied for several years when, in October of 1982, it was shown by Slovin to plaintiff as a prospective buyer. In November of 1982 plaintiff placed a bid with HUD for the purchase of the house, which led to the November 8, 1982 Agreement of Sale. This Agreement, signed by plaintiff, specifically provided that the property was to be bought "as is." Furthermore, it stated that the home may not meet the requirements of the local building code. Plaintiff reviewed and acquiesced in these provisions, as is evinced by her initials beside them. Thereafter, on November 9, 1982, plaintiff applied to Clarion for a residential mortgage. In response thereto, Clarion initiated its processing and hired an independent fee appraiser to determine the value of the property. The appraiser, Lee Romm, placed the market value of the structure at $34,000, prompting Clarion to approve a mortgage to plaintiff of $24,000. As a result of this appraisal, Clarion requested that plaintiff repair and install bathroom and floor tiles, replace a downspout, and reinstall storm sashes and screens. $960 was held in escrow to cover the cost of these repairs. Subsequently, a commitment was issued and the closing took place on either March 31 or April 1 of 1983.

Following the closing, plaintiff hired workmen to make repairs on the home. During the course of this repair, plaintiff was informed by the workmen that the house had been improperly "winterized," that all of the water pipes in the house had burst, and that the furnace had been damaged beyond repair. In response to this information, plaintiff filed the instant complaint.

Based upon the foregoing, Clarion moves for summary judgment and for dismissal of the cross-claims of co-defendants Slovin and Town and Country. The United States of America and the Secretary of Housing and Urban Development move for dismissal of the complaint. Clarion argues that plaintiff's charges against it, contained in Count IV of the complaint, are insufficient and fail to specify facts establishing that Clarion owed a duty to her. Moreover, it asserts that plaintiff fails to state a claim against it because she has not made out a *prima facie* case of negligence by Clarion. Furthermore, it claims that since plaintiff bought the property "as is," she is barred from bringing this suit by the doctrine of *caveat emptor.* Finally, Clarion contends that the cross-claims of its co-defendants should be dismissed since it owed no duty to them. Plaintiff counters, arguing that the doctrine of *caveat emptor* has been abrogated in large part and is inapplicable to the instant case. Additionally, she claims that Clarion breached its fiduciary and contractual duty to her by misrepresenting that it had conducted a thorough inspection of the property in question. Finally, she asserts that Clarion's motion should be denied due to insufficient opportunity for discovery.

■ A review of the record before the Court demonstrates that Clarions' motion must be granted. Plaintiff has failed to establish that Clarion breached any duty that it owed to plaintiff. Plaintiff and Clarion were in a mortgagor-mortgagee relationship, one of contract, not fiduciary. In its capacity as potential mortgagee, Clarion inspected the house in question. Clarion's inspection was solely for the purpose of determining the adequacy of the property as collateral. It did not inspect the property for the purpose of certifying to plaintiff the condition of the property. As Clarion has violated *no duty owed to* plaintiff, plaintiff has failed to establish a *prima facie* case of negligence. Accordingly, Clarion's motion for summary judgment is granted.

■ Clarion's motion to dismiss the cross-claims of co-defendants Slovin and Town and Country will also be granted. Clarion has no relationship with either of those defendants nor does it owe either of them any duty.

■ Defendants United States of America and the Secretary of Housing and Urban Development move to dismiss plaintiff's complaint for lack of jurisdiction over the person and insufficiency of service of process pursuant to *Fed.R.Civ.P.* 12(b)(2) and (4), and failure to state a claim upon which relief can be granted, pursuant to *Fed.R. Civ.P.* 12(b)(6).

Defendants argue that this Court lacks personal jurisdiction over the defendants due to improper service of process upon the Secretary of HUD. Moreover, they assert that plaintiff cannot sustain a tort claim for either a negligent breach of an established duty, a negligent breach of an accepted duty, the tort of misrepresentation, or the negligent breach of a duty created by an implied warranty of habitability. Finally, defendants contend that plaintiff's complaint is actually a contract claim which must be dismissed because plaintiff expressly contracted to purchase the property "as is."

Defendants' contention that this Court lacks personal jurisdiction is unfounded. Federal Rule 4 requires service by certified mail to be made on the agency of the United States in question and the Attorney General. Personal service is required to be made on the United States Attorney. The Secretary of Housing and Urban Development has designated the Associate General Counsel for Litigation as his agent to receive service. 46 Fed.Reg. 2389 (1981); 36 Fed.Reg. 11052 (1971). In the present action plaintiff properly served the United States Attorney and the Attorney General. However, the Secretary of HUD was served by delivering process to Secretary of Housing and Urban Development, Walter Johnson, 60 Park Place, Newark, New Jersey, 07102, rather than to the Associate General Counsel for Litigation. If any infirmity in the service of process exists, it is in this discrepancy.

By serving the Secretary of HUD directly, rather than through his designated agent, plaintiff complied with the literal wording of *Fed.R.Civ.P.* 4(d)(5). Not serving the Secretary's designated agent is harmless error. The necessary parties in the Government had actual notice of the suit and suffered no prejudice from the technical defect in service. *Jordan v. United States*, 694 F.2d 833 (D.C.Cir.1982). Accordingly, defendants' motion to dismiss for lack of personal jurisdiction and/or insufficient service of process is denied.

■ Defendants next argue that plaintiff's complaint should be dismissed because she cannot sustain a tort claim for a negligent breach of an established duty, a negligent breach of an accepted duty, the tort of misrepresentation or the negligent breach of a duty created by an implied warranty of habitability. In response, plaintiff does not dispute that the defendants had no established duty and concedes that the Tort Claims Act, 28 U.S.C. § 2680(h), bars any tort claim arising from misrepresentation. Plaintiff argues, however, that the United States and HUD assumed the duty of inspecting the house and the negligent performance of that duty creates liability under the "Good Samaritan" rule of *Neal v. Bergland*, 646 F.2d 1178 (6th Cir.1981). Moreover, plaintiff contends that the term "as is" in the sale contract, while negating the implied warranty of merchantability, does not negate express warranties. Finally, plaintiff asserts the "as is" clause should not release a party from liability where that party has acted in such a way as to induce reasonable reliance on the circumstances as they appear to be.

A review of the record before this Court reveals that defendants' motion to dismiss for failure to state a claim should be granted. Count I of plaintiff's complaint alleges that "the defendant Secretary of the United States Department of Housing and Urban Development negligently failed to winterize the premises at 20 Beechfern Lane,

Willingboro, New Jersey or had same winterized in a negligent manner by a person unknown at the present time by plaintiff ....'' Therefore, the inquiry of this motion must begin and end with the question of whether HUD negligently winterized or had the premises negligently winterized.

Defendants argue, and plaintiff does not appear to disagree, that HUD had no existing duty to winterize the house. Defendants contend that HUD merely entered into a contract of sale and that it never made, nor did it ever agree to make, any repairs, thereby making reliance on the "Good Samaritan" rule inappropriate. Defendants distinguish this case from *Neal v. Bergland, supra,* by noting that in the present case HUD undertook no performance and, in fact, sold the house "as is." In *Neal,* HUD assumed the duty to make an appraisal in order for the plaintiff to obtain an F.H.A. mortgage and thereby became liable for the negligent performance of that duty.

In response, plaintiff argues that by inspecting the house HUD assumed a duty, the negligent performance of which creates liability. Whether or not meritorious, plaintiff's argument does not follow the allegations contained in her complaint. The complaint alleges only that the defendant Secretary of Housing and Urban Development failed to winterize or had the winterization done in a negligent manner. Nowhere in the complaint is it alleged that the defendants are liable to the plaintiff due to their failure to inspect the premises properly. Plaintiff's reliance on this argument is therefore inappropriate. The plaintiff has failed to demonstrate that the defendants assumed the duty of winterizing the home. Accordingly, there can be no liability under the "Good Samaritan" rule.

■ Defendants next contend that there is no liability arising from an implied warranty of habitability. While noting that the New Jersey Supreme Court in *McDonald v. Mianecki,* 79 N.J. 275, 398 A.2d 1283 (1979), ruled that an implied warranty of habitability running from builder-vendor to new home owners was consonant with the Legislature's express purpose of protecting new homeowners, defendants argue that the policies behind these implied warranties do not suggest extending them to vendors such as HUD. In order to resolve this issue one need not look solely to the policies behind the implied warranties. The question raised herein is very similar to the *caveat emptor* issue raised in Clarion's motion for summary judgment. As this Court stated in resolving that issue:

> Although not expressly stated in McDonald, it appears that [the doctrine of caveat emptor] does retain a measure of viability where, as here, the sale being scrutinized is of a previously owned home. However, even in the sale of an older home, *caveat emptor* applies only in the absence of fraud or misrepresentation by a vendor.

*McDonald, supra,* at 282, n. 1, 398 A.2d 1283.

Plaintiff's complaint does not allege that defendants United States of America or Secretary of Housing and Urban Development committed fraud or misrepresented the true condition of the house.

Accordingly, the Court finds that as to these two defendants the doctrine of *caveat emptor* applies. As such, these defendants breached no duty arising from an implied warranty of habitability.

Plaintiff has failed to establish that defendants United States of America and Secretary of Housing and Urban Development owed a duty to plaintiff under any relevant theory of liability. Accordingly, plaintiff's complaint is dismissed as to those defendants.