221 N.J. Super. 230 (1987)
534 A.2d 89
WALTER MICHAEL RZEPIENNIK AND JOELLYN RZEPIENNIK, HUSBAND AND WIFE, PLAINTIFFS-APPELLANTS,
v.
U.S. HOME CORP., A DELAWARE CORPORATION, AND MURRAY FINANCIAL ASSOCIATES, INC., DEFENDANTS-RESPONDENTS, AND NORTHWESTERN NATIONAL INSURANCE CO. AND ARM INTERNATIONAL, DEFENDANTS.
Superior Court of New Jersey, Appellate Division.
Argued October 21, 1987.
Decided November 24, 1987.
*232 Before Judges KING, GAULKIN and D'ANNUNZIO.
Dennis D. Karpf argued the cause for appellants (Karpf & Karpf, attorneys).
*233 Stephen D. Schrier argued the cause for respondent U.S. Home Corp. (Obermayer, Rebmann, Maxwell & Hippel, attorneys).
Bruce M. Pitman argued the cause for Murray Financial Associates, Inc. (Pitman and Pitman, attorneys).
The opinion of the court was delivered by GAULKIN, J.A.D.
Plaintiffs Walter Michael Rzepiennik and Joellyn Rzepiennik (Rzepienniks) brought this action to recover damages for alleged defects in a home they purchased from defendant U.S. Home Corp. (U.S. Home) with mortgage financing from defendant Murray Financial Associates, Inc. (Murray Financial). All of the claims were dismissed prior to trial by summary judgments. The Rzepienniks now appeal.
On August 14, 1983, the Rzepienniks contracted with U.S. Home to purchase a home to be built for them. The purchase price was $114,670. The Rzepienniks obtained a mortgage commitment from Murray Financial for $103,200. At the January 27, 1984 closing, the Rzepienniks received a homeowner warranty which fixed U.S. Home's obligation to remedy defective conditions. That warranty was issued pursuant to The New Home Warranty and Builders Registration Act, N.J.S.A. 46:3B-1.
After the Rzepienniks moved into the house, they experienced water and heating problems. U.S. Home undertook certain repairs, but the Rzepienniks were unsatisfied. Accordingly, on November 19, 1984, they filed a demand for arbitration as permitted by the homeowner warranty:
If Homeowner is unsuccessful in resolving a warranty dispute as provided above, Homeowner may demand impartial third-party conciliation and arbitration of any warranty dispute with U.S. Home. A form for this purpose may be obtained from the American Arbitration Association ("AAA"), at 1607 Main *234 Street, Suite 1115, Dallas, Texas 75201, or by calling 800-527-9008. (In Texas call collect XXX-XXX-XXXX.) There is no charge for this call, or for initiating the conciliation and arbitration procedure. When AAA sends Homeowner the form, AAA will also send Homeowner a copy of the arbitration rules according to which the arbitration process will be administered. The address of the local AAA office that will administer the arbitration will be shown in the form. Homeowner must then complete the form and return it to the local office of AAA. This office will appoint an arbitrator who will arrange for a hearing to be held at the Residence within 20 days, and will notify Homeowner and U.S. Home of the time and date of the hearing. At the hearing the arbitrator will first attempt to assist in reaching a voluntary agreement resolving the matters in dispute. Any matters that are not resolved will be determined by arbitration which will be binding on both parties. The arbitrator's award shall be rendered within 20 days following the hearing and both parties will be notified immediately. If the arbitrator's award requires work to be performed by U.S. Home, the award will also state the time by which the work is to be completed.
In keeping with the warranty, the Rzepienniks' demand was for arbitration "in accordance with the Arbitration Rules administered by the American Arbitration Association, Inc. (AAA)." Included among those rules was this limitation on the arbitrator's authority:
The Award shall be limited to a determination of (1) the existence of a defect under the Warranty and, where appropriate, (2) the nature of the repair or replacement, and the time within which U.S. Home shall perform the corrective action.
Following an arbitration hearing held at the Rzepiennik home on January 15, 1985, the arbitrator issued an award determining that (1) the mechanical heat generation was inadequate, (2) certain doors and windows malfunctioned and were inadequately weatherproofed and (3) the drinking water was not potable because of an inadequate filtration system. The arbitrator ordered U.S. Home to correct the work within 45 days.
U.S. Home apparently took some steps to correct the defects, but the Rzepienniks remained dissatisfied. They filed a complaint in the Law Division seeking compliance with the arbitration award and asserting against U.S. Home a variety of damage claims for breach of contract, negligence, breach of express and implied warranties, common-law fraud and violation *235 of the "New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 et seq. and the Federal Unfair and Deceptive Trade Practices Act, 15 U.S.C. § 2301 et seq." The complaint also set forth a claim against Murray Financial for negligence and breach of contract.[1] By order of September 24, 1985, Judge Weinberg ordered the parties back to the arbitrator for a compliance hearing[2] and "retain[ed] jurisdiction" on the remaining claims. The compliance hearing was held on November 4, 1985 at the Rzepiennik house, at which time the arbitrator found that his earlier award "has been complied with by the U.S. Home Corporation, with some extension of time caused by both parties."
Discovery and other pretrial proceedings continued with respect to the Rzepienniks' remaining claims. By order entered September 29, 1986, Judge Weinberg granted summary judgment to Murray Financial. Then, by order entered November 21, 1986, he entered summary judgment in favor of U.S. Home. The Rzepienniks appeal from both of those judgments.

I.
Judge Weinberg granted summary judgment in favor of U.S. Home upon his finding
that the court does not have the jurisdiction to decide the issue of damages, since the plaintiffs made the determination to place the entire warranty dispute within the arbitration proceedings.
In challenging that conclusion, the Rzepienniks first argue that it was "procedurally improper" for Judge Weinberg to find that he did not have jurisdiction since he had already *236 determined to retain jurisdiction and had denied U.S. Home's earlier summary judgment motion. The argument is without merit. Judge Weinberg's earlier determinations preserved rather than resolved the jurisdictional issues. See A & P Sheet Metal Co., Inc. v. Hansen, Inc., 140 N.J. Super. 566 (Law Div. 1976). Even if we were to regard Judge Weinberg's grant of summary judgment as a reversal of his earlier rulings, that would be no reason to find any error. The law of the case doctrine "is merely a non-binding decisional guide addressed to the good sense of the court." State v. Hale, 127 N.J. Super. 407, 411 (App.Div. 1974). Certainly the doctrine "should not prevent the discharge of a judge's obligation to present an appellate court with the judgment he believes ought to be rendered in the case." Rodriguez v. Olaf Pedersen's Rederi A/S, 387 F. Supp. 754, 757 (E.D.N.Y. 1974). Even more obvious, this court should not disturb a judgment soundly based in law and fact simply because the trial judge chose not to persist in an earlier contrary view.
Our proper focus, then, must be on the substantive correctness of the summary judgment entered in favor of U.S. Home. The Rzepienniks contend that they should have been permitted to pursue in court all claims not presented to the arbitrator and that Judge Weinberg "misapplied and misconstrued" the "equitable doctrine of election of remedies" to deprive them of that opportunity. That argument is unpersuasive.
When the Rzepienniks chose to assert claims against U.S. Home, they had the right either to file an action in the Law Division or to demand arbitration under the warranty agreement. They elected to proceed to arbitration pursuant to the AAA rules. Those rules clearly advised the Rzepienniks both of their options and the effect of their election:
A homeowner has the right to pursue any available legal remedy. However, the initiation of the arbitration procedures provided in these Rules shall constitute an election which shall bar the homeowner from all other remedies, as provided by New Jersey law.
*237 The "New Jersey law" referred to in the AAA Rules is N.J.S.A. 46:3B-9 which provides, with respect to the remedies available to a homeowner under the warranty required by The New Home Warranty and Builder's Registration Act:
Nothing contained herein shall affect other rights and remedies available to the owner. The owner shall have the opportunity to pursue any remedy legally available to the owner. However, initiation of procedures to enforce a remedy shall constitute an election which shall bar the owner from all other remedies. Nothing contained herein shall be deemed to limit the owner's right of appeal as applicable to the remedy elected.
In light of that statutory mandate and the parallel AAA Rules, we find unavoidable the conclusion that the Rzepienniks were properly barred from seeking additional relief in the courts. It is true that the arbitrator had no jurisdiction under the warranty to decide issues of consequential damages or alleged violations of the Consumer Fraud Act or the Unfair and Deceptive Trade Practices Act. But the Rzepienniks were under no obligation to arbitrate at all. We thus find nothing inequitable in the fact that, having opted for arbitration and having garnered the benefits therefrom, the Rzepienniks are barred by the warranty, the AAA Rules, and N.J.S.A. 46:3B-9 from seeking further relief in the courts. Moreover, even if there were no statute or arbitration rule foreclosing further relief, principles of res judicata would bar the Rzepienniks from further litigating, on different theories, their claims of defects in the windows and doors, heating system and water supply. See Chattin v. Cape May Greene, Inc., 216 N.J. Super. 618, 634-638 (App.Div. 1987).

II.
The Rzepienniks' claim against Murray Financial was based upon the mortgage commitment, which conditioned the grant of the loan upon the issuance of several documents including a certificate of occupancy and a "compliance inspection." The Rzepienniks say that Murray Financial accepted a temporary certificate of occupancy and inspection certificates *238 which were "inaccurate at least to heat and water." From those facts they urge that Murray Financial breached its contract with the Rzepienniks and failed to fulfill a duty owing to the Rzepienniks of exercising reasonable care in granting the loan. Judge Weinberg rejected that argument, granting summary judgment upon his finding that "there are no facts which could prove or infer any breach of a duty from the mortgagor or to the mortgagee which would have been the proximate cause of any loss or damages to [the Rzepienniks]."
Judge Weinberg's ruling was proper. The temporary certificate of occupancy (N.J.S.A. 52:27D-133) was issued only because certain exterior work remained uncompleted due to winter weather. The uncompleted work was concededly irrelevant to the present dispute. More important, neither the record nor law nor reason supports an inference that Murray Financial, by demanding a certificate of occupancy and inspection certificates, undertook any duty or obligation to inspect the property on behalf of the Rzepienniks or to warrant its condition. Murray Financial simply took appropriate steps in its own behalf to assure the adequacy of the collateral against which it was lending money. The Rzepienniks could not reasonably rely on Murray Financial to act in their behalf in assuring the integrity of their house. Cf. Raynor v. United States, 604 F. Supp. 205 (D.N.J. 1984). Summary judgment was thus appropriately entered in favor of Murray Financial.

III.
In light of the conclusions we have stated, we need not consider the Rzepienniks' assertion that Judge Talbott erred in not granting unrestricted disclosure of U.S. Home's sales consultant manual.
The summary judgment orders entered September 29 and November 21, 1986 are affirmed.
NOTES
[1] The complaint included as well claims against Northwestern National Insurance Co. and ARM International. Those claims were dismissed by summary judgment and not germane to the appeal.
[2] The AAA rules provided for a compliance hearing upon the homeowner's complaint "that U.S. Home has failed to comply with the ... Award."