J. MICHAEL NOLAN AND KATHLEEN MURRAY NOLAN, PLAIN-
TIFFS, v. HOMES BY BRINKERHOFF, INC., FRANK SERRA
AND THE ESTATE OF WILLIAM BRINKERHOFF AND HOME
OWNERS WARRANTY CORPORATION OF NEW JERSEY, DE-
FENDANTS.

Superior Court of New Jersey
Law Division Somerset County

Decided October 28, 1988.

*Patricia B. Santelle,* for plaintiffs (*Pitney, Hardin, Kipp & Szuch*).

*Edward W. Gorney,* for defendants Homes by Brinkerhoff, Inc., Frank Serra and The Estate of William Brinkerhoff (*Purzycki & Gorney,* attorneys).

*Bruce E. Barrett,* for defendant Home Owners Warranty Corporation of New Jersey (*Slim, Dash & Goldberg,* attorneys).

ARNOLD, P.J.Cv.

This is the return day of motions for summary judgment brought by the defendants, the builder and the administrator of a warranty insurance program for a new home. The issue raised by the motions is whether the buyer of a new home may bring suit under an alternate new home warranty security program, established pursuant to *N.J.S.A.* 46:3B–8, after the buyer has participated in an informal dispute settlement proceeding. Because the new home warranty given to the buyer in this case provided for non-binding informal dispute settlement and informed the buyer that he could bring suit, this court holds that this action is not barred by the election of remedies provision, *N.J.S.A.* 46:3B–9, of "The New Home Warranty and Builders' Registration Act," or *N.J.A.C.* 5:25–3.10.

Since 1979 every buyer of a new home in New Jersey has been entitled to receive a warranty from the builder covering certain defects. *N.J.S.A.* 46:3B–4; *N.J.A.C.* 5:25–3.1. To insure that there are funds to pay for defects in new homes, builders may either pay moneys into a State administered new

home warranty security fund or may provide the buyer with insurance coverage from a private insurer approved by the Commissioner of the Department of Community Affairs, as an alternate new home warranty security program. *N.J.S.A.* 46:3B–8. Here the defendant builder, Homes By Brinkerhoff, provided the plaintiffs, J. Michael Nolan and Kathleen Murray Nolan with an insurance policy from a private insurance company, Home Owners Warranty Insurance Company (HOWIC). The defendant, Home Owners Warranty Corporation, (HOW), is the administrator of the insurance warranty program.

Pursuant to *N.J.A.C.* 5:25–4.2(e)2 such a private plan must provide for "conciliation and/or arbitration of any warranty claim dispute." The private plan must also provide the owner with an opportunity to accept or reject a "conciliation decision in satisfaction of the claim and notice of the opportunity to appeal that decision to a court of competent jurisdiction." *N.J.A.C.* 5:25–4.2(e)3. The insurance policy given to the plaintiffs by the builder provided in relevant part:

REQUEST FOR WARRANTY SERVICE. If you have a complaint, first send a clear and specific written complaint to your Builder. Ordinarily, your Builder will supply the warranty service provided in this Warranty without the need for direct involvement by HOW.

REQUEST FOR WARRANTY PERFORMANCE. If you believe your Builder has not performed as provided in this Warranty, you may submit your Request directly to HOW. You should make any such request by mailing the attached "Request for Warranty Performance" form to HOW at the mailing address shown on the Declarations page, or by sending a letter specifically demanding such performance and identifying yourself, your Builder, the defect, and the remedy you seek.

TIME OF NOTICE OF CLAIM. You must give written notice of a defect in any item under this Warranty to HOW no later than 30 days after the warranty coverage on that item expires. If such notice is not given to HOW by that deadline, the claims for the defect will be rejected.

DISPUTE SETTLEMENT. Upon receiving your "Request for Warranty Performance" HOW will notify your Builder and ask him to respond to your complaint. If your Builder disagrees with your complaint, *HOW will arrange for informal dispute settlement between you and your Builder by a neutral third party. Your builder will be bound by such third-party decision upon HOW's receipt of your "Acceptance of Decision".* (see below). [Emphasis supplied].

Under the Magnuson–Moss Warranty Act and under this Warranty, you may not file suit against your Builder until your claim has been submitted to

informal dispute settlement and a decision has been reached or you have waited 40 days for a decision following your submission of a Request for Warranty performance, whichever comes first. State or federal laws may permit you to file suit without waiting, despite this paragraph.

ACCEPTANCE OF DECISION. You must sign and return to HOW at the mailing address shown on the Declarations page, within 45 days after the date of decision an "Acceptance of Decision" form by which you agree to accept the decision as to those matters decided in your favor. *Your builder will then be bound to perform as required in the decision.* [Emphasis supplied] Neither HOWIC nor your Builder is responsible for damages caused or made worse by your delay in accepting the decision.

Following closing of title, the plaintiffs notified the defendant builder that there were several construction defects that plaintiffs wanted corrected. The builder allegedly did not correct the claimed defects and the plaintiffs filed a request for warranty performance with the defendant HOW. After conducting two hearings, a "dispute settler" found that the builder was responsible for four claimed defects and not responsible for ten other claimed defects.

After the informal dispute settlement was completed, the buyers were given a "Dispute Settlement Record" form to sign by HOW. Above the buyers' signature the form contains the following language: "I also understand that on those items where the Dispute Settler has found the Builder not responsible under the Limited Warranty, (boxes checked 'No' under 'Builder Responsible') I may have other legal remedies which I am free to pursue."

Following the informal dispute settlement, plaintiffs filed the instant action against the builder, Homes by Brinkerhoff, and the administrator of the warranty insurance program, HOW, alleging breach of express and implied warranties, breach of contract and negligence. The defendants argue that they are entitled to summary judgment in their favor on the grounds that the plaintiffs' participation in an informal dispute settlement proceeding constitutes an election of remedy pursuant to *N.J.S.A.* 46:3B–9 and *N.J.A.C.* 5:25–3.10.

*N.J.S.A.* 46:3B–9, which is part of "The New Home Warranty and Builders' Registration Act," provides that "initi-

ation of procedures to enforce a remedy shall constitute an election which shall bar the owner from all other remedies." *N.J.A.C.* 5:25–3.10, which is one of the "Regulations Governing New Warranties and Builders Registration," provides that "the filing of a claim against the warranty ... shall constitute the election of a remedy and shall bar the owner from all other remedies." Thus, the statute and the regulation bar other remedies if the buyer has pursued a "remedy" or "claim," respectively. Here, however, the buyer did not pursue a "remedy" or file a "claim." Instead, the buyer only participated in conciliation as permitted by the warranty and authorized by *N.J.A.C.* 5:25–4.2(e)(2). Conciliation is defined as "[t]he adjustment and settlement of a dispute in a friendly, unantagonistic manner. Used in courts before trial with a view towards avoiding trial and in labor disputes before arbitration." *Black's Law Dictionary* 262 (5th ed.1979). That this buyer participated only in conciliation is shown by the fact that the dispute settlement is binding only on the builder, only as to matters decided in the buyer's favor and only if the buyer accepts the decision. Further support for the conclusion that the buyer did not pursue a "remedy" or "claim" constituting an election of remedies under *N.J.S.A.* 46:3B–9 or *N.J.A.C.* 5:25–3.-10 is found in the language of the warranty and the "Dispute Settlement Record" form which imply that the buyer may bring suit after a decision has been reached in the informal dispute settlement proceeding. Specifically, the warranty states: "Under the Magnuson–Moss Warranty Act and under this Warranty, you may not file suit against your Builder until your claim has been submitted to informal dispute settlement and a decision has been reached or you have waited 40 days for a decision following your submission of a Request for Warranty performance, whichever comes first. State or federal laws may permit you to file suit without waiting, despite this paragraph." The "Dispute Settlement Record" form states that the buyer may have other legal remedies which he is free to pursue.

 The defendants' argument that the policy given to the buyer provided for both conciliation and arbitration is rejected as being contrary to the terms of the policy. Furthermore, any ambiguity in the policy should be resolved in favor of the buyer because the policy given to the buyer by the builder was written by the administrator and/or insurer. *Aetna Ins. Co. v. Weiss*, 174 *N.J.Super.* 292 (App.Div.1980) *certif.* den. 85 *N.J.* 127 (1980); see *In re Miller*, 90 *N.J.* 210 (1982).

The defendants' reliance on the decision in *Rzepiennik v. U.S. Home Corp.*, 221 *N.J.Super.* 230 (App.Div.1987) is misplaced. In *Rzepiennik*, the court held that a home buyer who filed a demand for and participated in binding arbitration as permitted by the homeowner warranty was barred from later bringing suit pursuant to *N.J.S.A.* 46:3B–9. *Rzepiennik* is distinguishable because the warranty there provided for binding arbitration. In this case the builder chose to provide the buyer with private homeowner warranty insurance which provides only for conciliation and implies that a buyer dissatisfied with the results of such conciliation may bring suit.

Accordingly, the defendants' motions for summary judgment are denied.