235 N.J. Super. 285 (1989)
562 A.2d 232
JOSEPH R. POSTIZZI AND JANE POSTIZZI, HIS WIFE, PLAINTIFFS-APPELLANTS,
v.
LEISURE + TECHNOLOGY, INC., A DELAWARE CORPORATION, LEISURE FAIR AND HOME OWNERS WARRANTY CORPORATION, A WASHINGTON, D.C. CORPORATION, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued June 1, 1989.
Decided July 19, 1989.
*286 Before Judges GAULKIN, BILDER and ARNOLD M. STEIN.
Jeri Sayer argued the cause for appellants (Joseph R. Postizzi, attorney; Jeri Sayer on the brief).
Steven M. Berlin argued the cause for respondent Leisure + Technology, Inc. (Giordano, Halleran & Ciesla, attorneys; John J. Brogan on the brief).
Bruce E. Barrett argued the cause for respondent Home Owners Warranty Corporation (Slimm, Dash & Goldberg, attorneys; Bruce E. Barrett on the brief).
The opinion of the court was delivered by ARNOLD M. STEIN, J.A.D.
Plaintiffs appeal from an order entering summary judgment in favor of defendant builder Leisure + Technology, Inc. and co-defendant Home Owners Warranty Corporation (HOW). The Law Division held that plaintiffs' civil action for damages was barred by N.J.S.A. 46:3B-9, the election of remedies provision of the New Home Warranty and Builders' Registration Act, N.J.S.A. 46:3B-1, et seq., and by N.J.A.C. 5:25-3.10, the remedies election regulation promulgated pursuant thereto. We reverse as to Leisure + Technology, Inc., and affirm as to HOW.
*287 On March 28, 1986, plaintiffs purchased a new condominium unit from Leisure + Technology. They received a new home warranty from the builder, as required by N.J.S.A. 46:3B-4. The Act requires this warranty to be secured either by contributions from participating builders to a new home warranty security fund administered by the Commissioner of the Department of Community Affairs, or by a private plan covered by an insurer and approved by the Commissioner of Insurance (N.J.S.A. 46:3B-8). Leisure + Technology provided plaintiffs with a policy from a private insurer. HOW is the administrator of the private insurer's warranty program.
Plaintiffs inspected the property just before the closing. They listed several deficiencies on a punch list provided by the builder. Of principal concern to plaintiffs was the carpeting, which they described as stained in several places, improperly seamed and consisting of several pieces assembled like a patchwork.
Plaintiffs were unsuccessful in getting the builder to correct the deficiencies listed on the punch list. They filed a claim with HOW. A dispute settler from HOW met with plaintiffs and the builder. He found the builder responsible for some claimed defects and not responsible for others. The dispute settler rejected plaintiffs' claim of defective carpeting.[1] The builder accepted all of the dispute settler's findings. Plaintiffs accepted all findings except those relating to the carpet.
The Expedited Dispute Settlement Rules furnished plaintiffs by HOW provided in Rule 24 as follows:

*288 Other Remedies. The builder and the insurer are only obligated to perform on those items where the Dispute Settler has determined the builder to be responsible under the Limited Warranty. The home owner may have, and wish to exercise other legal remedies on those items where the builder was not found responsible under the Limited Warranty. [emphasis added].
The dispute settlement record completed by the dispute settler contains the following language directly above the signature line for the homeowner and the builder, each page of which must be signed by the builder and the homeowner:
I also understand that on those items where the Dispute Settler has found the Builder not responsible under the Limited Warranty, (boxes checked "No" under "Builder Responsible"), I may have other legal remedies which I am free to pursue.
Plaintiffs completed the Acceptance of Decision form provided by HOW, typing in the following language just above their signatures:
Owners expressly limit their acceptance to those items which the builder has been judged responsible. Owners expressly reserve the right to pursue other legal remedies for those items the Dispute Settler has adjudged not the responsibility of the Builder.
They thereafter commenced this action for breach of contract against Leisure + Technology, claiming that the builder improperly installed defective carpeting; and against HOW for breach of the warranty policy.
The motion judge concluded that plaintiffs' participation in the informal dispute settlement proceeding foreclosed them from bringing an independent action for damages. He ruled that plaintiffs were barred by the provisions of N.J.S.A. 46:3B-9, which provides in relevant part that
[i]nitiation of procedures to enforce a remedy shall constitute an election which shall bar the owner from all other remedies.
N.J.A.C. 5:25-3.10, promulgated pursuant to the New Warranty and Builders' Registration Act provides:
Pursuant to the New Home Warranty and Builders Registration Act the filing of a claim against the warranties specified by this sub-chapter shall constitute the election of a remedy and shall bar the owner from all other remedies. Nothing herein shall be deemed to limit the owners' right to elect other remedies except that such election shall bar the owner from pursuing the same claim under the warranties specified in this sub-chapter and in accordance with the procedures related thereto.
*289 Plaintiffs had good reason to believe that participation in the informal conciliation proceeding conducted by the dispute settler did not foreclose them from further civil proceedings if they were displeased with any of his findings. The Expedited Dispute Settlement Rules furnished to plaintiffs by the builder plainly advised them that they may pursue other legal remedies for those items which the dispute settler found were not the builder's responsibility. So did each page of the dispute settlement record form, each page of which the homeowners were required to sign, acknowledging the dispute settler's findings.
Additionally, the warranty provided in italics as follows:
Under the Magnuson-Moss Warranty Act and under this Limited Warranty, suit may not be filed against the Builder until the claim has been submitted to informal dispute settlement and a decision has been reached or a waiting period of 40 days has been exceeded for a decision following the submission of a Request for Performance, whichever comes first. State or federal laws may permit filing of suit without waiting, despite this paragraph.
Defendants may not renounce the very language of their insurance contract advising plaintiffs of their right to bring a civil action if dissatisfied with the findings of the dispute settler. Nowhere does the warranty policy suggest that N.J.S.A. 46:3B-9 and N.J.A.C. 5:25-3.10 will bar a subsequent civil action by a homeowner who disagrees with the conclusions of the dispute settler. Had the statute and regulation been brought to plaintiffs' attention by the warranty policy, they could have preserved the election to institute a civil suit rather than to participate in the HOW conciliation program. Defendants should not be permitted to say that this option is not now available to plaintiffs. See Keller v. Pastuch, 94 N.J. Super. 499, 504 (App.Div. 1967).
The issues raised by this appeal have previously been explored in Nolan v. Homes by Brinkerhoff, Inc., 230 N.J. Super. 306 (App.Div. 1988). Judge Arnold held that N.J.S.A. 46:3B-9 does not bar homeowners from bringing a civil action against the builder after participating in informal dispute settlement proceedings, for two reasons:
*290 1. Written materials provided by HOW strongly indicate that a dissatisfied homeowner may bring suit after completion of the informal dispute settlement procedure [Id. at 310]; and
2. By participating in a dispute settlement proceeding, a homeowner is only engaged in conciliation as permitted by N.J.A.C. 5:25-4.2(e)(2), not the pursuit of a "claim," which would trigger the election of remedies provision of N.J.S.A. 46:3B-9 [Id.].
We agree with the latter holding where, as here, there is no reference in the HOW warranty or its supporting documents to the remedies election provisions of N.J.S.A. 46:3B-9 and N.J.A.C. 5:25-3.10.
The facts in this case are different than those in Rzepiennik v. U.S. Home Corp., 221 N.J. Super. 230 (App.Div. 1987). There, the home buyer filed a demand for and participated in the binding arbitration proceeding provided by and fully disclosed in the New Homeowner Warranty. After plaintiffs were unsuccessful in getting the builder to correct the items found defective by the arbitrator, they commenced a separate civil action. We found that because of their knowing and extensive participation in all phases of the arbitration proceeding, N.J.S.A. 46:3B-9 barred them from bringing a civil suit.
At oral argument, counsel for HOW informed us that New Jersey is the only state which has enacted a statute barring all other remedies after the homeowner attempts to enforce relief afforded under a new home warranty policy. We decline to accept HOW's suggestion that we rescue its warranty program from its misleading language by incorporating inferentially the provisions of N.J.S.A. 46:3B-9 and N.J.A.C. 5:25-3.10 into its warranty policy. We refuse to reshape this square peg to fit into a round hole. This is a contract of insurance required by statute and designed to protect new homeowners. It should not be construed to deprive an unwitting new home purchaser of the right to elect between seeking relief under the New *291 Home Warranty program or bringing an independent civil action.
By bringing this breach of contract action against Leisure + Technology, plaintiffs now seek remedies other than those provided by the New Home Warranty and Builders' Registration Act. HOW is not obligated to respond to such a lawsuit.
That part of the order granting summary judgment in favor of HOW is affirmed. That part of the order granting summary judgment in favor of defendant Leisure + Technology is reversed. Plaintiffs may proceed with their breach of contract action against Leisure + Technology. The matter is remanded to the Law Division for proceedings consistent with this opinion.
NOTES
[1] We reject plaintiffs' contention that there is a genuine question of material fact as to whether the dispute settler found that the builder was not responsible for the carpet claims, or whether he felt that these types of complaints relating to the carpet were beyond his jurisdiction as outside of the HOW warranty claims. We also are satisfied that all carpeting claims listed on the dispute settlement record (items 1A, B and C at page 1, and 1, 2 and 3 at page 4) were found not to be the builder's responsibility because they met the builder's limited warranty standards for carpeting.