295 N.J. Super. 264 (1996)
684 A.2d 1021
ALEXANDER SPOLITBACK AND EVA SPOLITBACK, PLAINTIFFS-APPELLANTS,
v.
CYR CORPORATION AND RICHARD CYR, INDIVIDUALLY AND T/A CYR CONSTRUCTION, DEFENDANTS/THIRD-PARTY PLAINTIFFS-RESPONDENTS,
v.
DAVID J. SEERY T/A S & J CONSTRUCTION, TERRY MCCULLEY T/A T & M EXTERIORS, DAVID SCHMIDT, D'AGOSTINO GARDEN STATE WATERWELL CO., ALAN DUBOIS, GERALD GROSS, HARRY FRIANT, THIRD-PARTY DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued September 9, 1996.
Decided November 26, 1996.
*266 Before Judges HAVEY, BROCHIN and KESTIN.
Benjamin A. Silber argued the cause for appellants.
Nicholas Kierniesky argued the cause for respondents (Jay H. Greenblatt & Associates, attorneys; Mr. Kierniesky, on the brief).
No brief was filed by any other party.
The opinion of the court was delivered by KESTIN, J.A.D.
Plaintiffs appeal from the trial court's order dismissing their complaint, occasioned by a grant of defendants' motion for summary judgment. The trial court ruled that plaintiffs' suit was barred because they had elected an arbitration remedy under the New Home Warranty and Builders' Registration Act, N.J.S.A. 46:3B-1 to -12 (the Act). We affirm in part, reverse in part, and remand for further proceedings.
In August 1988, defendants Cyr completed construction of plaintiffs' new home. Pursuant to the Act, a new home warranty was issued effective August 15, 1988. Within a month or so, plaintiffs began to complain to defendants of a number of construction defects. On January 4, 1989, plaintiffs filed a request for dispute settlement with the New Home Warranty Program (Program), specifying seven problems. On March 14, the parties signed a "consent to formal dispute settlement" under the auspices of the Program, which included an explicit agreement to submit the claim to arbitration. On April 11, the arbitrator issued an award requiring defendants to correct or repair three of the problems, and noting that the remaining issues had been resolved.
Suit was filed in February 1993. Plaintiffs sought damages and costs of repair for improper construction of their home. Some of the defects encompassed in the complaint were items embraced in the 1989 arbitration; others were known to plaintiffs at the time of the arbitration, but were not raised therein; still others were items that came to light after the arbitration had concluded, some *267 even after the one- and two-year warranty periods provided in N.J.S.A. 46:3B-3b (1) and (2). The trial court held all the claims to be barred by reason of the election of remedy provision of N.J.S.A. 46:3B-9:
Nothing contained herein shall affect other rights and remedies available to the owner. The owner shall have the opportunity to pursue any remedy legally available to the owner. However, initiation of procedures to enforce a remedy shall constitute an election which shall bar the owner from all other remedies. (emphasis supplied)
The trial court's determination was based upon its understanding of our holdings in Rzepiennik v. U.S. Home Corp., 221 N.J. Super. 230, 534 A.2d 89 (App.Div. 1987), and Haberman v. West Saddle Dev. Corp., 236 N.J. Super. 542, 566 A.2d 552 (App. Div. 1989). The motion judge observed in his letter opinion:
Read together, the Rzepiennik and Haberman cases stand for the principle that where the arbitration procedure is selected under the Home Owners Warranty program, all claims against the builder, except any defects specifically excluded under the Warranty, may only be brought under the arbitration procedure and may not be elsewhere litigated.
The motion judge also referred to a passage in the New Home Warranty Program Homeowner's Booklet published by the Department of Community Affairs, paraphrasing N.J.A.C. 5:25-3.10 which provides:
Remedy exclusive
Pursuant to New Home Warranty and Builders' Registration Act (P.L. 1977, c. 467) the filing of a claim against the warranty specified by this subchapter shall constitute the election of a remedy and shall bar the owner from all other remedies. Nothing herein shall be deemed to limit the owner's right to elect other remedies except that such election shall bar the owner from pursuing the same claim under the warranty specified in this subchapter and in accordance with the procedures related hereto. For the purpose of this section, election of other remedies shall mean the filing of a complaint, counter-claim, cross-claim or third party complaint in any court that alleges matters covered by the warranty in particular or unworkmanlike construction in general.
In Rzepiennik, the homeowners filed a civil action to pursue relief that they had not sought (and which, in part, had not been available) in prior arbitration proceedings involving the very same defects. We held that the statutory election of remedy barred them "from seeking additional relief in the courts," 221 N.J. Super. *268 at 237, 534 A.2d 89, in respect of the defects at issue, which had been previously submitted to arbitration.
Haberman involved a different but related procedure, also governed by the statutory election of remedy provision. We held, inter alia, that the homeowners, by reason of their election of remedy, were prevented "from relitigating [the builder's] responsibility to correct items covered by the [warranty]," 236 N.J. Super. at 544, 566 A.2d 552 (emphasis supplied). Haberman also involved a question whether some of the homeowners' claims were governed at all by the warranty provisions at issue. In respect of those, we held:
Obviously, any claim which is not the subject matter of a Warranty dispute under the policy and subject to the informal Dispute Settlement procedure cannot become the subject of a procedure "to enforce a remedy" in the contemplation of N.J.S.A. 46:3B-9.
[Id. at 549-50, 566 A.2d 552.]
Both Rzepiennik and Haberman have more limited sweep than attributed to them by the trial court. On their bases, we hold that plaintiffs are barred from litigating those claims arising from the defects that were submitted to the Program dispute settlement procedure and arbitration in 1989, as well as from defects known to plaintiffs at that time but which were not submitted for resolution under the auspices of the Program. Plaintiffs, of course, were not precluded from seeking to enforce the arbitration award.
Plaintiffs concede that the election of remedies bar precludes them from now litigating any claims that were asserted in the Program's dispute settlement procedure and submitted to arbitration. Those defects which were known to plaintiffs and could have been included among the prior claims are in the same category. Although the "same claim" provision of N.J.A.C. 5:25-3.10 may create an ambiguity in this respect, the principles at the heart of the entire controversy doctrine preclude plaintiffs from litigating in this civil action issues of which they were aware at the time of the prior dispute settlement proceeding and arbitration, and which were ripe and amenable to resolution through the Program's *269 dispute settlement procedure. See generally DiTrolio v. Antiles, 142 N.J. 253, 662 A.2d 494 (1995); Cogdell v. Hospital Ctr., 116 N.J. 7, 15, 560 A.2d 1169 (1989) ("[T]he adjudication of a legal controversy should occur in one litigation in only one court ...."); cf. City of Hackensack v. Winner, 82 N.J. 1, 31-33, 410 A.2d 1146 (1980) ("[T]here are important goals to be achieved from the prudent and selective application in administrative proceedings of such doctrines as res judicata, collateral estoppel, and the single controversy rule."); cf. Perretti v. Ran-Dav's County Kosher, Inc., 289 N.J. Super. 618, 674 A.2d 647 (App.Div. 1996). Furthermore, permitting homeowners to submit some known warranty claims to arbitration while withholding others for a civil action would tend to frustrate, if not nullify, the policies behind the election of remedies bar of the Act and the regulation, as we understand them.
Judicial policies such as the entire controversy doctrine are, however, subject to supersedure by the preeminent requirements of public policy. The extent of rights conferred by remedial legislation tends to define its purposes and goals. We "place[] great weight on the interpretation of legislation by the administrative agency to whom its enforcement is entrusted[,]" Peper v. Princeton Univ. Bd. of Trustees, 77 N.J. 55, 69-70, 389 A.2d 465 (1978), unless we "find[] that the rule is inconsistent with the statute it purports to interpret[,]" Smith v. Director, Div. of Taxation, 108 N.J. 19, 26, 527 A.2d 843 (1987). If we have misconceived intendments in this regard, amendment of either the statute or the regulation to clarify the scope of the election of remedies bar would be beneficial.
There remains the question whether the election of remedies bar applies to those claims arising from defects unknown to plaintiffs at the time of the administrative dispute settlement proceeding and arbitration. Plaintiffs argue that homeowners cannot be held to be barred from utilizing any available remedy for defects unknown to them at the time other remedies under the Act were employed. Defendants contend that plaintiffs' choice of *270 the administrative and arbitration remedy to resolve their initial complaints subjected all future issues arising from the warranty to resolution by that remedy exclusively.
An election of remedies that has the effect of barring alternative relief must be knowingly and voluntarily made, see Marchak v. Claridge Commons, Inc., 134 N.J. 275, 282, 633 A.2d 531 (1993), especially where the choice is to arbitrate disputes rather than to litigate them. See Perini Corp. v. Greate Bay Hotel & Casino, Inc., 129 N.J. 479, 490, 610 A.2d 364 (1992); cf. Tretina Printing, Inc. v. Fitzpatrick & Assoc., Inc., 135 N.J. 349, 360-61, 640 A.2d 788 (1994). Without a realistic opportunity to understand the nature and scope of the particular issues to be addressed, a party cannot be said to have the requisite basis for making a knowing and voluntary waiver of available remedies for resolution of those issues. We conclude, therefore, that plaintiffs cannot be held to have made a preclusive choice to arbitrate issues of which they were unaware at the time they submitted known claims for resolution by that procedure. As already noted, we have previously concluded that defects not covered by the warranty cannot be subject to the election of remedy bar. See Haberman, supra, 236 N.J. Super. at 549-50, 566 A.2d 552.
We hold, accordingly, that the trial court was correct to dismiss the complaint as to those defects addressed in the prior Program dispute settlement proceeding and arbitration, as well as to those warranty-covered defects known to plaintiffs at the time. The complaint should not have been dismissed, however, as to the remaining defects alleged in the complaint. We remand so that the trial court may determine, by the standards we have enunciated, specifically which of plaintiffs' claims are barred by N.J.S.A. 46:3B-9 and N.J.A.C. 5:25-3.10 and which are not, and for further proceedings as to the latter.
Affirmed in part; reversed in part; remanded.