**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3802-18T3

SICA INDUSTRIES, INC.,
and ALFRED SICA, JR.,

      Plaintiffs-Appellants,

v.

GRACE MACEDO,

      Defendant-Respondent.

_____

Argued December 11, 2019 – Decided December 31, 2019

Before Judges Mayer and Enright.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Docket No. L-0512-19.

Marc Shortino argued the cause for appellants (Gartner & Bloom, PC, attorneys; Marc Shortino and Kenneth M. O'Donohue, on the briefs).

Adam Garcia argued the cause for respondent (Giordano, Halleran & Ciesla, PC, attorneys; Adam Garcia, of counsel and on the brief).

PER CURIAM

Plaintiffs Sica Industries, Inc. (Sica) and Alfred Sica, Jr. appeal from an April 25, 2019 order dismissing their complaint for failure to state a claim pursuant to Rule 4:6-2(e) and allowing defendant Grace Macedo to proceed with arbitration. We affirm.

The relevant facts are not disputed. In October 2013, Sica and defendant entered into a contract for Sica to supply, install, and assemble a modular home.[1] The contract required Sica to warrant construction of the home in accordance with the New Home Warranty and Builders' Registration Act (Warranty Act), N.J.S.A. 46:3B-1 to -20. The contract included an arbitration clause, providing, "Any disagreement, dispute, controversy, cause of action or claim, of any nature, (collectively referred to [a]s 'Claims'), arising out of or relating to this contract or the breach thereof, including any and all statutory-based or related 'Claims', shall be settled by arbitration in accordance with" applicable law.

Sica purchased a Ten Year Homeowners Warranty (Warranty) from the State of New Jersey, Department of Community Affairs (DCA). In October

---

[1] The home was completed in October 2015.

2015, defendant acknowledged receipt of the Warranty, which outlined a claims resolution process for addressing construction defects.

On May 22, 2017, defendant submitted a pro se warranty claim to the DCA. In her sixteen-line, handwritten warranty claim, defendant alleged several defects in the home, including the "[h]ouse sways too much."

On September 19, 2017, the DCA informed Sica that defendant retained an engineering expert and the expert required additional time to investigate and render a report concerning structural deficiencies in the home. Pending receipt of defendant's engineering report, the DCA postponed the scheduled hearing on defendant's warranty claim.

On or about October 19, 2017, Leonard Busch Associates, Inc. forwarded its engineering report to defendant. According to that report, the home suffered from significant structural deficiencies and suggested "the wholesale replacement of the modular structures." The engineering expert "question[ed] the building's ability to resist significant winds and . . . recommend[ed] that until a resolution is found, the home remain unoccupied during high wind events."

On November 20, 2017, defendant's newly retained attorney withdrew the pending warranty claim, without prejudice, "to accommodate further investigation which [had] become necessary in light of the findings of

[defendant's] engineers." The DCA did not object to withdrawal of the claim but advised defendant would forfeit the second year of warranty coverage as a result.

On January 31, 2019, defendant filed a demand for arbitration with the American Arbitration Association (AAA). In her arbitration demand, defendant alleged breach of contract, unjust enrichment, breach of the implied warranty of good faith and fair dealing, negligent construction, and consumer fraud claims.

On February 27, 2019, plaintiffs commenced a declaratory judgment action against defendant. They filed a verified complaint and order to show cause (OTSC) seeking to enjoin and dismiss defendant's AAA arbitration. Plaintiffs claimed AAA lacked jurisdiction to proceed with the arbitration based on defendant's election of a remedy under the Warranty Act by filing a warranty claim with the DCA. One month later, defendant filed an answer to the verified complaint and a motion to dismiss plaintiffs' complaint. Pending the return date of the OTSC, the judge temporarily stayed defendant's demand for arbitration.

On April 12, 2019, Judge James Den Uyl heard oral argument on defendant's motion to dismiss. In an April 25, 2019 written decision, the judge concluded Sica failed to demonstrate defendant "had adequate knowledge of the nature and scope of the problems with the modular home . . . at the time she

initiated her pro se warranty claim with the DCA" and therefore "did not knowingly and voluntarily waive available remedies by initiating a warranty claim with the DCA." Under the particular facts presented, the judge determined "there was no effective election of remedy." Based on his findings, Judge Den Uyl granted defendant's motion to dismiss plaintiffs' verified complaint and denied plaintiffs' OTSC as moot. He also "lifted and vacated" the stay of defendant's demand for arbitration.

On appeal, plaintiffs contend the judge erred in granting defendant's motion by finding she did not knowingly and voluntarily elect her remedy under N.J.S.A. 46:3B-9 and N.J.A.C. 5:25-3.10. Plaintiffs also claim the judge's decision nullifies the Warranty Act by allowing a claimant to withdraw a warranty claim filed with the DCA.

We "review[] de novo the trial court's determination of the motion to dismiss under Rule 4:6-2(e)." Dimitrakopoulos v. Borrus, Goldin, Foley, Vignuolo, Hyman & Stahl, P.C., 237 N.J. 91, 108 (2019) (citation omitted). We "owe[] no deference to the trial court's legal conclusions." Ibid.

A motion to dismiss under Rule 4:6-2 focuses on the pleadings. Pursuant to Rule 4:6-2(e), a complaint may be dismissed if the facts alleged in the complaint fail to state a viable claim as a matter of law. The standard for

determining the adequacy of a plaintiff's pleading is "whether a cause of action is 'suggested' by the facts." Green v. Morgan Props., 215 N.J. 431, 451-52 (2013) (quoting Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989)). "However, we have . . . cautioned that legal sufficiency requires allegation of all the facts that the cause of action requires." Cornett v. Johnson & Johnson, 414 N.J. Super. 365, 385 (App. Div. 2010), aff'd as modified, 211 N.J. 362 (2012). In the absence of such allegations, the cause of action must be dismissed. Ibid.

Based on our de novo review, plaintiffs' declaratory judgment action was properly dismissed as a matter of law for the sound reasons stated by Judge Den Uyl. The judge's findings were based on substantial and credible evidence, including the documents attached as exhibits to plaintiffs' verified complaint.[2] No additional information or certification was necessary for the judge to render a decision.

---

[2] Plaintiffs assert Rule 1:6-6 required defendant to submit a certification or affidavit with her motion to dismiss the complaint. However, no certification from defendant was necessary because plaintiffs' representative signed a verification attesting to the truth of the allegations in the complaint and the attached exhibits. See R. 4:67-2(a) (requiring a complaint in support of an order to show cause be "verified by affidavit made pursuant to R. 1:6-6"). In her motion to dismiss, defendant accepted the allegations and documents accompanying plaintiffs' verified complaint as true.

Plaintiffs sought dismissal of defendant's demand for arbitration because she elected a remedy under the Warranty Act, specifically N.J.S.A. 46:3B-9, when she filed a warranty claim with the DCA. In Ivashenko v. Katelyn Court Co., Inc., 401 N.J. Super. 99, 107 (App. Div. 2008), a factually similar case, we held a homeowner's election of remedy for construction defects "must be knowingly and voluntarily made . . . . Without a realistic opportunity to understand the nature and scope of the particular issues to be addressed, a party cannot be said to have the requisite basis for making a knowing and voluntary waiver of available remedies for resolution of those issues." Ibid. (quoting Spolitback v. Cyr Corp., 295 N.J. Super. 264, 270 (App. Div. 1996)).

Here, the exhibits attached to plaintiffs' verified complaint demonstrated defendant lacked specific knowledge of, or a realistic opportunity to understand, the nature and extent of the defects in her home when she filed her pro se warranty claim. While defendant wrote in her pro se warranty claim that her "[h]ouse sway[ed] too much," she did not understand the significant structural defects afflicting her home and the substantial remedy required to make her home safe for habitation until receipt of the engineering expert report in October 2017. Judge Den Uyl compared defendant's May 22, 2017 sixteen-line handwritten pro se warranty claim with the October 19, 2017 four-page, single

spaced, detailed engineering report, and concluded plaintiffs did "not demonstrate[] that [d]efendant had adequate knowledge of the nature and scope of the problems with the modular home at issue at the time she initiated her pro se warranty claim with the DCA" and therefore "did not knowingly and voluntarily waive available remedies by initiating a warranty claim with the DCA."

The remainder of plaintiffs' arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION