246 N.J. Super. 590 (1991)
588 A.2d 430
OAK TRAIL ROAD HOMEOWNERS ASSOCIATION, BERNARD PARDELL, DOROTHY KARLITZ, GEORGE GRAY, DAVID LASKY, MICHAEL STAHL, AND FRANK VALENTINE, AS REPRESENTATIVES OF A CLASS OF ALL HOMEOWNERS, PLAINTIFFS/RESPONDENTS,
v.
THE ROYAL MILE CORPORATION, COMPLETE ROOFING SYSTEMS, INC., STEPHEN R. SNYDER, TOTAL COMFORT HEATING AND COOLING CO., INC., DAVID M. BROWN, HOWARD SAVINGS BANK, LIEBMAN & HURWITZ, DIBITEN USA, JOHN DOES 1 THROUGH 10 (FICTIONAL PERSONS OR ENTITIES), DEFENDANTS/THIRD-PARTY PLAINTIFFS.
HOME OWNERS WARRANTY CORPORATION, DEFENDANT/THIRD-PARTY PLAINTIFF/APPELLANT,
v.
WEATHER-SEAL CONTRACTORS, INC., THIRD-PARTY DEFENDANT/FOURTH-PARTY PLAINTIFF,
v.
OWENS-CORNING FIBERGLASS CORP., AND JOHN DOES 1 THROUGH 25 (FICTIONAL PERSONS OR ENTITIES), DEFENDANTS.
Superior Court of New Jersey, Appellate Division.
Argued January 9, 1991.
Decided March 21, 1991.
*591 Before Judges KING, LONG and R.S. COHEN.
Richard T. Smith argued the cause for appellant (Slimm, Dash and Goldberg, attorneys; Bruce E. Barrett, on the brief).
Jeffrey B. Steinfeld argued the cause for respondents (Smith, Don, Alampi, Scalo & D'Argenio, attorneys; Philip Scalo, of counsel; Naomi B. Blank and Jeffrey B. Steinfeld, on the brief).
The opinion of this court was delivered by LONG, J.A.D.
By leave granted, defendant Home Owners Warranty Corporation (HOW) appeals from an order denying it summary judgment under the election of remedies provisions of The New Home Warranty and Builders' Registration Act, N.J.S.A. 46:3B-1, et seq. and its regulations, N.J.A.C. 5:25-1.1, et seq. While we disagree with the grounds advanced by HOW as entitling it to summary judgment, we are satisfied that the *592 action against it should have been dismissed. Thus, we reverse.
The case arose when Oak Trail Road Homeowners Association and certain named homeowners, as representatives of a class of all homeowners in the development known as Oak Trail Road in Englewood, filed a complaint against defendants, The Royal Mile Corporation, Complete Roofing Systems, Inc., Stephen R. Snyder, Total Comfort Heating and Cooling Co., Inc., David M. Brown, Howard Savings Bank, Liebman & Hurwitz, Dibiten USA, John Does 1 through 10 (fictional persons or entities) and HOW. The complaint alleged that due to the negligence of defendants, the Oak Trail Road development was fraught with numerous construction defects falling generally into three categories: roofing, heating/air conditioning, and landscaping/grading/site work. The complaint sounded in breach of contract, misrepresentation, breach of express and implied warranties, and strict liability for defective design, construction and supervision. The eighth count of the complaint alleged that HOW guaranteed against defects in the homes, was responsible for repairs and replacements, and failed and refused to act in accordance with its warranty.
HOW answered the complaint and, among other affirmative defenses, raised the issue of election of remedies. Thereafter, HOW moved for summary judgment on that ground, citing N.J.S.A. 46:3B-9. Without opinion, the trial judge denied the motion. HOW appeals.
Pursuant to The New Home Warranty and Builders' Registration Act, every purchaser of a new home in New Jersey is entitled to receive a builder's warranty as to certain defects. "To insure that there are funds to pay for defects in new homes, builders may either pay moneys into a State administered new home warranty security fund or may provide the buyer with insurance coverage from a private insurer approved by the Commissioner of the Department of Community Affairs, as an alternate new home warranty security program." Nolan *593 v. Homes By Brinkerhoff, Inc., 230 N.J. Super. 306, 307-08, 553 A.2d 392 (Law Div. 1988). N.J.S.A. 46:3B-8. HOW, which is a mutual company owned by new home builders, administers a private insurance plan, the Home Owners Warranty Insurance Company (HOWIC). The plan was available in New Jersey before the state legislation was enacted and was the model for the state plan. See Timpone & O'Flanagan, Home Owner Warranties in New Jersey, 3 Seton Hall Legis.J. 203, 222-23 (1978); Fisch v. Bureau of Const. Code Enf., 238 N.J. Super. 410, 413, 570 A.2d 2 (App.Div. 1990).
HOW has two elements  the Home Warranty and the Risk Retention Insurance Policy. Briefly, they can be described this way:
Home Owners Warranty Corporation is a mutual company owned by builders of new homes who participate in the Home Owners Warranty program (the HOW program). The HOW program is an insurance program that runs for ten years. It consists of two major components  the Home Warranty coverage and the Risk Retention Insurance Policy. A home builder participating in the HOW program issues a two year "Home Warranty" to the purchaser of a covered home. For the first year following the sale, the builder warrants that the house will be free of defects caused by non-compliance with the Approved Standards (the Standards) attached to the warranty. During the second year, the warranty continues to cover defects in the plumbing, electrical, heating, and cooling systems due to non-compliance with the Standards. During the two year warranty period, the builder also warrants that the home will be free from "Major Structural Defects," as the policy defines them. (The definition is set out in the Court's earlier opinion, 572 F. Supp. [1059] at 1063 [(D.Del. 1983)]). In the event that a defect occurs in an item covered by the two year warranty, the builder must repair, replace, or pay the reasonable cost of repairing or replacing, the defective item.
The second component of the program is the Risk Retention Insurance Policy, which builders participating in the HOW program purchase from HOW Insurance Company. In return for premium payments which vary depending on the length of time the builder has been in the HOW program and its claims experience, HOW Insurance agrees to insure against liability resulting from (1) a builder's default under the aforementioned two year home warranty, and (2) major structural defects in the home occurring in the third through tenth years of the policy. First, if a builder defaults on his obligations under the two year Home Warranty, HOW Insurance will either repair, replace, or pay the purchasers the reasonable cost of any covered repair or replacement on behalf of the builder. If HOW Insurance incurs expense in this way, it has the right to seek reimbursement from the builder. Second, the policy protects the builder against liability for major structural defects in the home that occur in the third *594 through tenth year of the ten year policy period. If a major structural defect occurs during this period, HOW Insurance repairs or replaces the defect or pays the homeowner the reasonable cost of repair or replacement, whichever it chooses.
Home Warranty Corp. v. Elliott, 585 F. Supp. 443, 444 n. 1 (D.Del. 1984). Only the Home Warranty aspect of the plan is at issue here.
The policy sets up the following procedures for making a warranty claim:

Request for Warranty Service. If you have a complaint, first send a clear and specific written complaint to your Builder. Ordinarily, your Builder will supply the warranty service provided in this Warranty without the need for direct involvement by HOW.

Request for Warranty Performance. If you believe your Builder has not performed as provided in this Warranty, you may submit your Request directly to HOW. You should make any such request by mailing the attached "Request for Warranty Performance" form to HOW at the mailing address shown on the Declarations page, or by sending a letter specifically demanding such performance and identifying yourself, your Builder, the defect, and the remedy you seek.

Time of Notice of Claim. You must give written notice of a defect in any item under this Warranty to HOW no later than 30 days after the warranty coverage on that item expires. If such notice is not given to HOW by that deadline, the claims for the defect will be rejected.

Dispute Settlement. Upon receiving your "Request for Warranty Performance" HOW will notify your Builder and ask him to respond to your complaint. If your Builder disagrees with your complaint, HOW will arrange for informal dispute settlement between you and your Builder by a neutral third party. Your builder will be bound by such third-party decision upon HOW's receipt of your "Acceptance of Decision" (see below).
....

Acceptance of Decision. You must sign and return to HOW at the mailing address shown on the Declarations page within 45 days after the date of decision an "Acceptance of Decision" form by which you agree to accept the decision as to those matters decided in your favor. Your builder will then be bound to perform as required in the decision. Neither HOWIC nor your Builder is responsible for damages caused or made worse by your delay in accepting the decision.
....

HOW is Not a Warrantor or Insurer. HOW is neither a warrantor nor insurer. Only HOWIC is responsible for paying claims under insurance coverage.
The HOW policy also provides:
Under the Magnuson-Moss Warranty Act and under this Warranty, you may not file suit against your Builder until your claim has been submitted to *595 informal dispute settlement and a decision has been reached or you have waited 40 days for a decision following your submission of a Request for Warranty Performance, whichever comes first. State or federal laws may permit you to file suit without waiting, despite this paragraph.
Under this provision, a homeowner may invoke the HOW warranty and, if dissatisfied with the result, may thereafter institute litigation against the builder.[1] This scheme differs from N.J.S.A. 46:3B-9, which governs the state plan and which provides that the invocation of a remedy bars the homeowner from all other remedies:
Nothing contained herein shall affect other rights and remedies available to the owner. The owner shall have the opportunity to pursue any remedy legally available to the owner. However, initiation of procedures to enforce a remedy shall constitute an election which shall bar the owner from all other remedies. Nothing contained herein shall be deemed to limit the owner's right of appeal as applicable to the remedy elected.
N.J.A.C. 5:25-3.10, likewise provides:
Pursuant to New Home Warranty and Builders' Registration Act (P.L. 1977, c. 467) the filing of a claim against the warranty specified by this subchapter shall constitute the election of a remedy and shall bar the owner from all other remedies. Nothing herein shall be deemed to limit the owner's right to elect other remedies except that such election shall bar the owner from pursuing the same claim under the warranty specified in this subchapter and in accordance with the procedures related hereto. For the purpose of this section, election of other remedies shall mean the filing of a complaint, counter-claim, cross-claim or third party complaint in any court that alleges matters covered by the warranty in particular or unworkmanlike construction in general.
These are the election of remedies provisions which are here invoked by HOW.
Because HOW was approved by the Commissioner of Insurance prior to the enactment of N.J.S.A. 46:3B-1, et seq. (See Stanley, New Home Warranties, 102 N.J.L.J. 43 (1978)), any conflict between the policy and the statute must be resolved by resort to the grandfather clause in the statute (N.J.S.A. 46:3B-8) which provides that

*596 any new home warranty insurance program approved by the Commissioner of Insurance prior to the adoption of this act shall: (1) Constitute an approved alternate new home warranty security program and shall be deemed in accordance with this section and in compliance with this act in the form and substance heretofore approved by the Commissioner of Insurance, (2) not be subject to any rules and regulations adopted by the Commissioner of the Department of Community Affairs pursuant to this act when such rules and regulations are in conflict with said previously approved new home warranty program.
By this provision, the HOW policy is deemed approved notwithstanding any differences between it and the later enacted statutory and regulatory scheme.[2] Thus, to the extent that this case presents an issue with respect to which the HOW policy differs from the statute, it is the HOW policy which governs the rights of the parties. See Postizzi v. Leisure & Technology, 235 N.J. Super. 285, 289-90, 562 A.2d 232 (App.Div. 1989). Accordingly, the trial judge was correct in denying HOW's application to the extent that it was based on the statute or regulations.[3]
There was, however, an alternate basis for dismissal. Although under the HOW warranty plaintiffs may choose among remedies and may even invoke remedies sequentially, the choice of the common law route of litigation, by its very nature eliminates HOW from the case. Unlike the other defendants, there is and indeed could be no allegation that HOW was in any way directly responsible for the deficiencies complained of by plaintiffs. HOW is merely the administrator of a warranty *597 insurance plan. It has no relationship with plaintiffs except for its obligations under the warranty. Where plaintiffs invoke the warranty remedy, HOW's responsibilities are clearly set forth. But HOW's participation is triggered only when the homeowner makes a claim under the warranty policy. In effect, plaintiffs' election of the litigation remedy in this case was also an election of parties. Where, as here, plaintiffs opt for the common law route, HOW, which provides an alternate remedy, is not a proper party to the case. See Postizzi v. Leisure & Technology, supra, 235 N.J. Super. at 291, 562 A.2d 232.[4]
The order denying summary judgment is reversed. The case is remanded to the trial judge for the entry of an order of summary judgment.
NOTES
[1] We have held, however, that it would be inequitable to allow the homeowner to invoke sequential remedies under the policy where the homeowner has accepted HOW's decision and the builder has performed in accordance with the decision. Haberman v. West Saddle Dev. Corp., 236 N.J. Super. 542, 566 A.2d 552 (App.Div. 1989).
[2] This is not to suggest that the HOW policy is insulated from scrutiny by the Commissioner of Community Affairs under all circumstances. If the HOW policy is altered from what was approved by the Commissioner of Insurance prior to the enactment of the statutory scheme, the alteration is obviously not protected by the grandfather clause.
[3] We note that even if the statutory election of remedies provision had been applicable, it would not have supported HOW's motion for summary judgment because plaintiffs have not attempted to invoke more than one remedy here. On the contrary, they have chosen the common law route of litigation and foregone the HOW warranty procedures altogether. Thus, the issue of whether they should be prohibited from invoking a second remedy is not presented by these facts.
[4] To the extent that Nolan v. Homes By Brinkerhoff, Inc., supra, suggests that N.J.S.A. 46:3B-1, et seq. or N.J.A.C. 5:25-1.1, et seq. govern a HOW policy (230 N.J. Super. at 310, 553 A.2d 392) or that HOW is a proper party to a litigation (230 N.J. Super. at 311, 553 A.2d 392) it is disapproved.