I would affirm the trial court dismissal of plaintiff's complaint.

617 A.2d 1256

RONALD MARCHAK, PLAINTIFF–APPELLANT, v. CLARIDGE COMMONS, INC., RONALD RACIOPPI, FRANK RACIOPPI, AND ZYGMUNT WILF, DEFENDANTS–RESPONDENTS, AND SALVATORE MAURO, DEFENDANT.

Superior Court of New Jersey
Appellate Division

Argued October 19, 1992—Decided December 24, 1992.

Before Judges PETRELLA, LONG and D'ANNUNZIO.[1]

*Murray A. Klayman* argued the cause for appellant (*Lane M. Ferdinand,* attorney; *Mr. Klayman,* on the brief).

*Robert L. Penza* argued the cause for respondents.

The opinion of the court was delivered by

PETRELLA, P.J.A.D.

This appeal involves the interpretation of a provision regarding arbitration in a contract for construction of a house, election of remedies and the interrelationship of the contract's provisions with the applicable statutes, including The New Home Warranty and Builders' Registration Act (the Act), *N.J.S.A.* 46:3B–1 to 20. The Law Division judge granted sum-

---

[1] Judge D'Annunzio did not participate at oral argument. However, he has participated in this appeal with the consent of the parties to this appeal.

mary judgment in favor of defendants. Plaintiff Ronald Marchak appeals. We reverse.

Marchak entered into an October 11, 1986 contract with Claridge Commons, Inc. (Claridge) [2] for construction of a single-family house in a development known as "Parkside Manor" at 300 Parkside Drive in Union, New Jersey. At the time Marchak signed the contract he was represented by an attorney.[3]

Paragraph twelve of the contract Marchak signed with Claridge was entitled "Homeowner's Warranty" and stated in pertinent part:

12. *Homeowners Warranty.* Seller shall provide buyer with insurance-backed warranty coverage and protection under New Jersey's Homeowners Warranty Act.

\* \* \* \* \* \* \* \*

Buyer and Seller acknowledge and agree that the warranty and insurance remedies contained in the homeowner's warranty provided by seller to buyer constitute the exclusive remedies of the buyer. The parties agree that the conciliation and arbitration procedures as outlined in the Homeowner's Warranty Act, are better suited to the determination of outstanding issues, if any, between the parties than any remedy which may be sucured [*sic*] by resort to legal process. Buyer represents that he has read the act to which reference is made and that he has secured the advice of counsel in making this election of remedies. This election of remedies, it is agreed, shall survive closing of title.

The closing of title took place on July 13, 1987. Although the summary judgment record does not reflect it,[4] before the clos-

---

[2] Defendants Ronald Racioppi, Frank Racioppi and Zygmunt Wilf were principals of Claridge Commons, Inc. Defendant Salvatore Mauro was a building inspector for the Township of Union and is not a party to the appeal. For convenience we refer only to Claridge unless otherwise stated.

[3] Marchak raises an argument that it was a contract of adhesion. Essentially, the motion judge decided the case as a matter of law. Hence, the record does not disclose whether or to what extent the buyer had any real choice with respect to negotiation of the various terms of the contract.

[4] Unfortunately, the record before the trial judge was missing items necessary for a proper decision. We denied a motion to supplement the record since the materials had not been presented in the first instance to the trial court. This might have been accomplished by a motion for reconsideration or a remand either by motion of one of the parties or on our own motion.

ing, Marchak delivered a "punch list" of items which needed to be corrected. There were apparently other punch lists, but defendant seems to have failed to remedy certain of the items listed. We are satisfied that this appeal can be decided on the law despite the limited record. We can take judicial notice of court records, applicable law, and facts of common knowledge, see *Evid.R.* 9.

Marchak instituted suit against Claridge on March 7, 1990. An engineering firm retained by Marchak to conduct an inspection submitted a report dated September 6, 1991, which noted several instances where construction of the home allegedly did not meet the "Performance Standards" of the New Jersey Administrative Code and regulations governing New Home Warranty and Builder's Registration. The report also stated that there were some missing building components, including a missing steel "lolly" column which should have been installed under a girder in the basement. Instead, an improper wood column was in its place and that column did not perform its intended function.[5] Marchak asserted that as a result of the use of the wood column, the floor is bowed and tiles cracked. Thereafter, Marchak amended his complaint to assert that Claridge's conduct constituted an unconscionable act in violation of the New Jersey Consumer Fraud Act, *N.J.S.A.* 56:8–1 to 60.

Claridge contended in its motion for summary judgment that under its contract with Marchak arbitration under the Act was his exclusive remedy based on the language in paragraph twelve quoted above. However, the two-year period for resolving disputes over matters of workmanship and material has elapsed and Claridge takes the position that as to such items Marchak is now time-barred from instituting arbitration. The

---

[5] As contained in a post-summary judgment motion, Claridge's offer to install a missing lolly column was rejected in part due to the pendency of the appeal.

trial judge agreed and granted summary judgment in favor of Claridge.

On appeal, Marchak argues that: (1) he was entitled to elect remedies under both the New Home Warranty Act and the provisions of the homeowner's warranty; (2) he is entitled to pursue his legal remedies under the Consumer Fraud Act (not raised below); (3) the terms of the construction contract purporting to limit his remedies to the Act are ambiguous; (4) the clause purporting to restrict the buyer's legal rights is unconscionable; and (5) the summary judgment deprived him of the right to any remedy.

Section twelve of the contract specifically referred to the remedies in the homeowner's warranty which was to be provided by the seller, presumably at the closing of title. The warranty provided "the homeowner has the right to pursue remedies other than conciliation and arbitration; however, election of other remedies shall bar the Homeowner from pursuing the same claim under this warranty." The record does not disclose, however, that Marchak was given or saw the warranty document at the time of the signing of the contract or before.

Under the Act, every new home purchaser is entitled to receive a builder's warranty. We need not repeat or discuss at length the provisions of the Act and New Jersey's implementing regulations since we have recently analyzed these provisions in another case, *Oak Trail Road Homeowners' Assoc. v. Royal Mile Corp.*, 246 *N.J.Super.* 590, 592–596, 588 *A.*2d 430 (App.Div.1991). We there described how the Homeowners' Warranty Corporation is a mutual company, owned by home builders, which administers a private insurance plan, the Homeowners' Warranty Insurance Company. We also described the two elements of the insurance program, a two-year "Home Warranty" in which the builder warrants that the house will be free from defects caused by non-compliance with the approved standards attached to the warranty, and the "Risk and Retention Insurance Policy" which covers not only defects within the

two-year period as referred to in the above warranty, but major structural defects for a ten-year period.

The contract language at issue here and quoted above essentially incorporates the warranty and the Act. It is, of course, subject to all applicable law and must be construed not only in light of the language in the warranty, but also the applicable law. Section twelve of the contract appears ambiguous. In any event, even if the language was clear, merely because the parties may agree that conciliation and arbitration procedures as outlined in the Act are preferable, that does not override the statutory provisions or express a clear intent to do so, assuming for the moment that public policy would permit it.

Section twelve's language also refers to the procedures in the statute. The statute and the warranty both provide for various remedies. *See Oak Trail Road Homeowners Assoc. v. Royal Mile Corp.,* 246 *N.J.Super.* 590, 588 *A.*2d 430 (App.Div.1991) (discusses remedies in the context of Homeowners Warranty Act and the New Jersey plan, *N.J.A.C.* 5:25–1.1 to 5.5). Nevertheless, Claridge argues that the Act does not prohibit a party from making an election of remedy by contract. However, its reliance on *Brick Township Municipal Utility Auth. v. Diversified R.B. & T. Cont. Co., Inc.,* 171 *N.J.Super.* 397, 402, 409 *A.*2d 806 (App.Div.1979), for the proposition that elections in favor of arbitration are favored and generally enforced under *N.J.S.A.* 2A:24–1 is inapposite. Contractual agreements for arbitration procedures as a method of resolving disputes in the absence of a controlling statute stand in a different posture from a situation where a statute affords certain rights and remedies.

Significantly, *N.J.S.A.* 46:3B–9 provides that "nothing contained herein shall affect other rights and remedies available to the owner. The owner shall have the opportunity to pursue any remedy legally available to the owner...." Of course, we may take judicial notice of statutes, regulations and case law, whether or not presented to the motion judge (and this statute

was not) in deciding legal issues. Moreover, the motion judge failed to consider whether the quoted statute expresses a non-waivable public policy.

*N.J.S.A.* 46:3B-9 speaks in terms of "initiation of procedures to enforce a remedy" as constituting "an election which shall bar the owner from all other remedies." Initiating arbitration is an election of a forum. Similarly, filing a complaint with the court is not a remedy. It is a choice of forum and a demand for remedies.

A provision in an executory contract could not constitute "initiation of procedures to enforce a remedy" (see *N.J.S.A.* 46:3B-9), particularly where there was no house built and no dispute at the time the contract was signed.

In any event, we conclude that the attempt in this case to eliminate by contract the available statutory remedies is a clear violation of public policy and remedies. Such a provision as here under review is unenforceable as against that public policy. The Act is a clear legislative expression of public policy and its remedies cannot be negated in advance or removed from availability to a buyer at the time a contract to purchase a home is signed. Hence, the contract provision at issue is unenforceable.

In light of our decision it is unnecessary to discuss the applicability of the Consumer Fraud Act or contracts of adhesion and we leave those issues for the trial court.

Reversed and remanded for trial.