34 N.J. Super. 150 (1955)
111 A.2d 643
ALICE HERBERT THOLANDER, PLAINTIFF,
v.
REINOLD M. THOLANDER, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided January 28, 1955.
*151 Messrs. Hein, Smith & Mooney (Mr. Seymour A. Smith, appearing), attorneys for plaintiff.
Messrs. Levenson & Levenson (Mr. Abe D. Levenson, appearing), attorneys for defendant.
HEGARTY, J.S.C.
Plaintiff, Alice Herbert Tholander, has brought suit against her husband, Reinold M. Tholander, for statutory separate maintenance and charges a constructive abandonment based upon alleged acts of extreme cruelty. The parties were married on May 9, 1943 and two children were born of the marriage  a boy and a girl  ages 10 and 9, respectively. Defendant, in answer, denied the allegations of extreme cruelty. Later, on application and by order of court, defendant filed supplemental answer and counterclaim. By way of supplement to answer in his first separate defense defendant charges plaintiff committed acts of adultery with one Irving B. Lake at times and places mentioned therein and alleges he has not condoned said acts of adultery since his discovery of same. By way of counterclaim for absolute divorce defendant charges plaintiff committed acts of adultery *152 with one Irving B. Lake at the times and places mentioned in his first separate defense. Plaintiff in reply to the first separate defense and in answer to counterclaim denies the commission of the acts of adultery as charged against her. In a first separate defense she avers defendant was guilty of extreme cruelty within the meaning of the statutes and law in such cases made and provided and her cause of action for extreme cruelty became vested to her prior to September 10, 1954, and pleads the defense of recrimination although she denies the adultery charged against her. Her second separate defense charges defendant willfully, continuously and obstinately deserted her for more than two years preceding September 10, 1954 and pleads the defense of recrimination for the cause aforesaid, but denies the allegation of paragraph 4 of said counterclaim. The third separate defense alleges the said counterclaim does not set forth the charges in paragraph 4 in accordance with the rules and practice of this court and plaintiff will object to any testimony to be offered with respect thereto at the trial and reserves the right to seek a dismissal of the counterclaim at or before the trial.
The named corespondent, Irving B. Lake, intervened and filed answer to defendant's counterclaim in denial of the acts of adultery charged against him therein.
Plaintiff gave due notice of the taking of depositions of defendant under R.R. 4:16-1 et seq., but defendant, on advice of counsel, did not appear for examination at the time and place designated in said notice.
Plaintiff now seeks order of court requiring defendant to submit to the taking of depositions upon the ground that the filing of defendant's supplemental answer and first separate defense to her complaint constitute sufficient good cause shown to warrant issuance of order. Defendant, in resisting plaintiff's application, urges the requirements under the provisions of R.R. 4:98-5 have not been met because no good cause has been shown.
The term "good cause shown" in R.R. 4:98-5 is flexible and its meaning is not fixed and definite. Each application for discovery in action for divorce or nullity must *153 be evaluated upon the circumstances appearing from all of the pleadings and then determined by the sound discretion of the court. The fact that defendant by way of supplement to answer sets up an affirmative defense of adultery to plaintiff's complaint for separate maintenance, using the same allegations of adultery as contained in his counterclaim, does not of itself create a special circumstance, without any other substantial reason being shown, to justify the making of order for taking of depositions. Otherwise, to allow the relief sought by plaintiff without good cause being shown would be tantamount to granting the taking of depositions, under like circumstances, on the counterclaim, in disregard of the purpose and effect of the provisions of the above-cited rule. It is clear, therefore, plaintiff's application is within the scope of R.R. 4:98-5 and, since it fails to show "good cause" as therein required, the application will be dismissed.
Appropriate order may be presented for signing and filing. See R.R. 4:55-1.