Frank EMERSON and Alice Emerson

v.

A. E. HOTELS, INC.

Supreme Judicial Court of Maine.

July 17, 1979.

Wilson, Steinfeld, Murrell, Barton & Lane by Catherine R. Johns, Portland (orally), for plaintiff.

Curtis, Thaxter, Corey, Lipez & Stevens by Richard P. Romeo (orally), Sidney St. F. Thaxter, II, Kermit V. Lipez, Portland, for defendant.

Before McKUSICK, C. J., and POMEROY, WERNICK, ARCHIBALD, GODFREY and NICHOLS, JJ.

WERNICK, Justice.

Plaintiffs Frank and Alice Emerson were tenants of defendant A. E. Hotels, Inc., a Delaware corporation, which owned the Eastland Motor Hotel in Portland, Maine, where plaintiffs operated a beauty salon. On June 10, 1976 plaintiffs instituted this civil action against defendant in the Superior Court (Cumberland County) seeking damages of $20,000.00 for conduct by defendant alleged to have been a trespass, a constructive eviction of plaintiffs from premises they had a right to occupy and an interference with their beauty salon business. Defendant filed a timely answer that included a counterclaim for unpaid rent in the amount of $900.00. Plaintiffs duly filed a reply to the counterclaim.

Thereafter, when two years had elapsed without further action in the case, the Superior Court gave the parties notice that unless good cause were shown to retain the case on the docket it would be dismissed under Rule 41(b)(1) M.R.Civ.P.[1] On September 8, 1978 plaintiffs moved that the action be retained on the docket. After a hearing, the motion was denied. From the entry of judgment dismissing the action, plaintiffs have appealed, contending that the presiding Justice was guilty of abuse of discretion in refusing to find "good cause"[2]

---

1. Rule 41(b)(1) provides:

   "*On Court's Own Motion.* The court, on its own motion, after notice to the parties, and in the absence of a showing of good cause to the contrary, shall dismiss an action for want of prosecution at any time more than two years after the last docket entry showing any action taken therein by the plaintiff other than a motion for continuance."

2. "Good cause" is a highly relative concept. It lacks fixed and definite meaning, and the application of it requires the court to evaluate the circumstances of each individual case and then to make its determination by exercising a

for plaintiffs' delay in prosecution of the action.

We deny the appeal.

Plaintiffs assert that they had filed a petition in bankruptcy on August 17, 1976 and that pursuant to 11 U.S.C.A. § 110(a) subsections (5) and (6) (1953),[3] the "title" to their claim against defendant became vested in the trustee in bankruptcy. This, say plaintiffs, was enough to constitute good cause for their failure to do anything further after August 17, 1976 to prosecute their action inasmuch as the divestment of their title to the claim deprived them, plaintiffs argue, of the power to continue to prosecute the action. This power, plaintiffs add, was not regained by them until August 28, 1978 when the trustee in bankruptcy moved, and was authorized, to abandon his "title" to plaintiffs' right of action.

For purposes of argument, we assume plaintiffs premise that their right of action against defendant fell within the scope of Section 110(a), and that title to it became vested in the trustee in bankruptcy until August 28, 1978 when he abandoned it. From this premise, however, plaintiffs draw an improper conclusion. It is not a necessary consequence of the trustee's having title to the right of action that plaintiffs lost power, or authority, to continue to prosecute an action instituted by them prior to the commencement of bankruptcy proceedings. It is well-settled that one adjudicated a bankrupt may continue to prosecute an action initiated before bankruptcy supervened, and this is so notwithstanding that the title to the claim which the action seeks to enforce becomes vested in the trustee in bankruptcy. *Meyer v. Fleming*, 327 U.S. 161, 66 S.Ct. 382, 90 L.Ed. 595 (1946); *Bluegrass Canning Co. v. Steward*, 175 F. 537 (6th Cir. 1909); *Roberts v. Fogg*, 244 Mass. 310, 138 N.E. 333 (1923); *Hubbard v. Gould*, 74 N.H. 25, 64 A. 668 (1906); *Weaver Mercantile Co. v. Thurmond*, 68 W.Va. 530, 70 S.E. 126 (1911).

"If, because of the disproportionate expense, or uncertainty as to the result, the trustee neither sues nor intervenes, there is no reason why the bankrupt himself should not continue the litigation." *Johnson v. Collier*, 222 U.S. 538, 540, 32 S.Ct. 104, 105, 56 L.Ed. 306 (1912).

See also *Ocean Cape Hotel Corp. v. Masefield Corp.*, 63 N.J.Super. 369, 164 A.2d 607 (1960). Although the trustee may intervene and assume control of the suit if he wishes, 11 U.S.C.A. § 29(c) (1966),[4] if the trustee takes no action the bankrupt has the power to continue with his suit:

"*Even though the title* to the chose in action *vests in the trustee* under § 70 [11 U.S.C. § 110], *if the trustee*, upon appointment and qualification, *declines or fails to prosecute the action, the bankrupt may continue its prosecution* to judgment, and it has been said that the trustee may accept the fruits of the litigation if it is successful . . . ." (emphasis added) 1A Collier, *Bankruptcy* ¶ 11.10[4.2] (1978). (See also cases collected in n. 27).

Here, the trustee in bankruptcy wanted plaintiffs to continue prosecuting their action, but plaintiffs' attorney refus-

---

sound discretion. See *Tholander v. Tholander*, 34 N.J.Super. 150, 111 A.2d 643, 644 (1955).

3. Section 110(a) provides in part:
"*Title to Property.*
"The trustee of the estate of a bankrupt . . . upon his . . . appointment . . . *shall* in turn *be vested* by operation of law *with the title of the bankrupt* as of the date of the filing of the petition . . . except insofar as it is property which is held to be exempt, *to all of the following kinds of property wherever located* . . .
"(5) property, *including. rights of action, which* prior to the filing of the petition,

he [the bankrupt] *could by any means have transferred* . . .
"(6) *rights of action arising upon* contracts, or usury, or *the unlawful taking or detention of or injury to his property* . . . ." (emphasis added)

4. The statute provides:
"A receiver or trustee may, with the approval of the court, be permitted to prosecute as receiver or trustee any suit commenced by the bankrupt prior to the adjudication, with like force and effect as though it had been commenced by him."

ed.[5] This being so, the presiding Justice was plainly not guilty of an abuse of discretion in concluding that the pendency of bankruptcy proceedings was by itself not enough to constitute good cause for plaintiffs' failure to continue the prosecution of their action.[6]

 Plaintiffs also contend that the presiding Justice should have found good cause for their delay by virtue of the provision in 11 U.S.C.A. § 29(a) (1966) that once a petition for discharge in bankruptcy is filed,

> "[a] suit which is founded upon a claim from which a discharge [in bankruptcy] would be a release, . . . shall be stayed until an adjudication or the dismissal of the [bankruptcy] petition . . . ."

Plaintiffs' point is that the counterclaim filed against them by defendant effected, by operation of Section 29(a), an automatic stay of further proceedings in the action brought by plaintiffs.

We disagree. Plaintiffs' action was not a "suit . . . founded upon a claim" dischargeable in bankruptcy, even if defendant's counterclaim may have been so founded. Particularly since Rule 42(b) M.R.Civ.P. authorizes the court to separate the trial of the counterclaim from that of the claim asserted by plaintiffs' action, the effect of Section 29(a) as staying proceedings on defendant's counterclaim need not prevent going forward with the trial of plaintiffs' claim.

In the totality of the circumstances of this case the presiding Justice was not guilty of an abuse of discretion in dismissing plaintiffs' action under Rule 41(b)(1) M.R.Civ.P.

The entry is:

Appeal denied.

Judgment of dismissal affirmed.

DELAHANTY, J., did not sit.

---

**5.** An affidavit submitted by the trustee to the bankruptcy court stated: "Your applicant further had attempted to retain . . . the plaintiffs' attorney to continue to prosecute said lawsuits without success." Plaintiffs' attorney himself stated that defendant's attorney "ask[ed] me if I wish[ed] to pursue the case under the auspices of the bankruptcy court which I did not wish."

**6.** To seek to ensure that Superior Court Justices will be made aware of all material circumstances, we urge attorneys representing plaintiffs who become the subjects of bankruptcy proceedings to notify the Superior Court Justice of this fact at the earliest possible time.