704 A.2d 1049

S. DEPOS, PLAINTIFF, v. A. DEPOS, DEFENDANT.

Superior Court of New Jersey
Chancery Division
Family Part
Somerset County

Decided October 6, 1997.

*Samuel H. Davis*, for plaintiff.

*Drew M. Hurley*, for defendant.

DILTS, J.S.C.

The question presented is whether the defendant in a domestic violence action should be permitted to take the deposition of plaintiff. The court concludes that depositions should not be permitted except upon a showing of good cause.

## PROCEDURAL HISTORY AND STATEMENT OF FACTS

On August 28, 1997, plaintiff, Mrs. Depos [1], appeared at the Somerset County Court House and filed a complaint pursuant to the Prevention of Domestic Violence Act (the "Act"). She alleges that the defendant, her brother-in-law, made a terroristic threat against her. She contends that defendant threatened to shoot her if she did not have sex with him. She contends that she has, in the past, been the victim of domestic violence committed by her brother-in-law. A temporary restraining order was entered by this court on August 28, 1997.

The parties consented to the adjournment of the final hearing which was ultimately scheduled for October 9, 1997. On September 22, 1997, defendant's attorney entered his appearance with the court and simultaneously served a Notice to Take Oral Deposition of plaintiff, returnable on October 3, 1997. Plaintiff's attorney advised defendant's attorney that Mrs. Depos would not attend the deposition without a court order. On October 6, 1997, application was made for leave to take the deposition of plaintiff in order to take her testimony on whether or not this court had jurisdiction to hear this dispute.

After hearing oral argument and receiving letter briefs, the court denied defendant's application based on the following conclusions of law.

---

[1] The names of the parties are fictitious to protect the privacy of the complainant and her children.

## CONCLUSIONS OF LAW

**I. There is no right to take plaintiff's deposition because domestic violence actions are deemed to be "summary actions."**

The Act does not authorize the taking of a deposition or any other discovery. Neither does *R.* 5:7A. The only basis for taking the deposition of a plaintiff in a domestic violence action is *R.* 5:5–1.

*R.* 5:5–1 provides in pertinent part: "Except for summary actions ... discovery in civil family actions shall be permitted ..." Therefore, if proceedings under the Act are deemed to be summary actions, then defendant may not take the deposition of plaintiff as of right.

 The court concludes that domestic violence actions are "summary actions." A summary action is one which is short, concise and immediate. BLACK'S LAW DICTIONARY 1435 (6th Ed.1990). "[S]ummary actions are by definition designed to accomplish the salutary purpose of swiftly and effectively disposing of matters which lend themselves to summary treatment." *Perretti v. Ran–Dav's County Kosher,* 289 *N.J.Super.* 618, 623, 674 *A.*2d 647 (App.Div.1996). The court's conclusion stems from two inherent qualities of domestic violence proceedings. First, trial courts are mandated by statute to proceed in a summary manner in such cases. "A hearing shall be held in the Family Part of the Chancery Division of the Superior Court within 10 days of the filing of a complaint ..." *N.J.S.A.* 2C:25–29(a). The Act "was enacted with the expressed intent that courts ... promptly and appropriately offer protection to victims of domestic violence." *Sperling v. Teplitsky,* 294 *N.J.Super.* 312, 318, 683 *A.*2d 244 (Ch.Div.1996). The legislative intent for such mandates is to assure the victim the maximum protection from abuse the law can provide. *N.J.S.A.* 2C:25–18. To assure such protection, the

court's response must be swift because any delay may pose serious and irreversible consequences to the victim. Thus, domestic violence proceedings are "immediate."

Second, domestic violence proceedings normally require no more than a few hours to conduct. They are "short" and "concise."

## II. Defendant Has Failed to Establish "Good Cause" to Take the Deposition of Plaintiff.

Before a deposition may be authorized by the court in a summary action, the party seeking it must establish "good cause."

*R.* 5:5–1(d) provides as follows: "All other discovery in family actions shall be permitted only by leave of court for good cause shown ..." Therefore, even in a summary action, a deposition may be authorized by the court only when the party seeking it can establish "good cause." Although "good cause" is not defined by the *Rule,* defendant argues "good cause" exists in this case because a factual inquiry of plaintiff is needed to lay the foundation for his motion to dismiss the complaint for lack of jurisdiction. Defendant contends, among other things, that the parties never lived together.

The "good cause" standard in discovery applications is "flexible and its meaning is not fixed and definite. Each application for discovery ... must be evaluated upon the circumstances appearing from all of the pleadings and then determined in the sound discretion of the court." *Tholander v. Tholander,* 34 *N.J.Super.* 150, 152–153, 111 *A.*2d 643 (Ch.Div.1955). It has been observed that good cause takes "its shape from the particular facts to which it is applied." *Templeton Arms v. Feins,* 220 *N.J.Super.* 1, 21, 531 *A.*2d 361 (App.Div.1987). This court finds that the determination as to whether "good cause" exists to take the deposition of the plaintiff in a domestic violence matter must also take into account the nature of domestic violence and the legislative intent of the Act.

The Legislature found that "it is the responsibility of the courts to *protect* victims of violence that occurs in a family or

family-like setting by providing sanctions, and by ordering those remedies and sanctions that are available to *assure the safety* of the victims and the public" *N.J.S.A.* 2C:25–18. (Emphasis added.) The objective of protecting victims pervades the statute not only in these passages but throughout. "The Legislature finds that battered adults presently experience substantial difficulty in gaining access to protection from the judicial system . . . ." *Id.*

"The court's function is to effectuate legislative intent in light of the language used and the objects sought to be achieved and to construe the Prevention of Domestic Violence Act in a fashion consistent with the statutory context in which it appears." *State v. Volpini,* 291 *N.J.Super.* 401, 407, 677 *A.*2d 780 (App.Div.1996). To allow a deposition in this case would not effectuate the legislative intent and purpose. First, to allow the taking of deposition would prevent compliance with the mandate that the hearing be held within 10 days, given the time it takes to schedule, take and prepare the transcript of a deposition. Second, domestic violence is a cycle of abuse of power and control. The perpetrator has the power and control and the victim does not. The victim comes to court to change that dynamic and to receive protection. Often, however, victims of domestic violence are not represented by counsel, especially in the pretrial stage before a court is in a position to award counsel fees. Thus, in the pretrial stage, victims often must proceed without representation and without an advocate protecting their interests. The taking of a deposition is an intimidating experience for anyone, especially one who is the victim of domestic violence. Thus, allowing the represented alleged perpetrator to depose a victim, represented or unrepresented, perpetuates the cycle of power and control whereby the perpetrator remains the one with the power and the victim remains powerless. This is inconsistent with the legislative purpose and intent. Therefore, the questioning of victims must be done in the presence of the judge at trial or a pretrial hearing in order to insure that the questioning is done fairly and in order to insure that victims are not revictimized by the very process they turn to for protection.

Finally, mindful of the cycle of domestic violence and the guilt often experienced by victims after they turn to the court for help, the court would expect that after undergoing a deposition, many victims would question their resolve to proceed. Because of the resulting delays, increase in expenses for victims, and the opportunity to attack the resolve of victims, it is not difficult to predict that the taking of depositions could quickly become the strategy of choice for defendants.

### III. Denying Defendant Permission to Take the Deposition of Plaintiff Does Not Offend Due Process.

Defendant's counsel makes a due process argument in support of his application to allow the deposition. He contends that not allowing the deposition would be unfair to defendant because it would put him in the position of defending against "things he doesn't know about" at the time of the trial. The court addressed this argument on the record and dismisses it here by pointing out that due process involves "such notice as is in keeping with the character of the proceedings and adequate to safeguard the right entitled to protection." *Community Affairs Dep't. v. Wertheimer*, 177 *N.J.Super.* 595, 599, 427 *A.*2d 592 (App.Div.1980) (quoting *State v. Standard Oil Co.*, 5 *N.J.* 281, 305, 74 *A.*2d 565 (1950), *aff'd* 341 *U.S.* 428, 71 *S.Ct.* 822, 95 *L.Ed.* 1078 (1951)). The court finds that it can keep with the character of a summary action and can adequately safeguard defendant's right to notice by affording him the following two opportunities.

First, if a short preliminary hearing is needed on the matter of jurisdiction, it can be held before the domestic violence hearing. See *Croswell v. Shenouda*, 275 *N.J.Super.* 614, 646 *A.*2d 1140 (Ch.Div.1994). Second, due process can be secured by granting to the defendant the right to request a continuance of the trial in order to prepare a defense if and when matters are testified to which go beyond what plaintiff has alleged in the complaint. This right can be exercised by defendant either at the end of plaintiff's direct testimony in order to prepare for effective cross-examination or at the end of plaintiff's case, whichever is determined appropriate by defendant. See, *Nicoletta v. No. Jersey District*

*Water Supply Commission,* 77 *N.J.* 145, 162, 390 *A.*2d 90 (1978) (recognizing that the first prerequisite of due process is fair notice, so that a response can be prepared and the respondent can be heard). Thus, due process is not offended.

## CONCLUSIONS

For these reasons, the application of defendant for leave to take the deposition of Mrs. Depos is denied.