**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1807-19

IN THE MATTER OF THE
ESTATE OF ANNIE ROST,
deceased.

_____

Submitted March 1, 2021 – Decided April 8, 2021

Before Judges Sabatino, Currier, and Gooden Brown.

On appeal from the Superior Court of New Jersey, Chancery Division, Mercer County, Docket No. 18-01409.

Cohn Lifland Pearlman Herrmann & Knopf, attorneys for appellant Claudia Handwerker (Charles R. Cohen and Christina N. Stripp, on the briefs).

Fox Rothschild, LLP, attorneys for respondent Deborah Hospital Foundation (Elizabeth J. Hampton and Melissa A. Terranova, on the brief).

Philip B. Papier, Jr., attorney for respondent Norman Rost.

PER CURIAM

Annie Rost died in September 2018, leaving behind a sizeable estate. Her will, executed in 2002, devised the estate among her four children and to various

charities.  It also contained an in terrorem provision that excluded any beneficiary from the estate if they contested the will.  One of the beneficiaries, Annie's[1] daughter, Claudia Handwerker, filed a caveat with the Mercer County Surrogate's Court six days after her mother's death, protesting the grant of letters of administration or admitting the will to probate.

The Chancery Division judge found Claudia's caveat constituted a challenge to the will and that it was brought without probable cause.  Therefore, the in terrorem clause excluded Claudia as a beneficiary and prevented her from inheriting under the will.  Her share of the estate was devised to Deborah Hospital Foundation (Deborah).  We affirm.

Annie's son, (Claudia's brother), Norman, was named as the executor of Annie's estate under the will.  He also was devised Annie's Princeton home. Several months after the filing of the caveat, Norman filed a certified complaint and order to show cause to dismiss the caveat and admit the will to probate.

In response, Claudia filed an answer and unverified counterclaim.  In her answer, Claudia "consent[ed] to removing the Caveat, allowing the Will to be probated and ask[ed] that the relief set forth in the attached counter-claim be

---

[1]  As a number of the individuals share a surname, we will refer to them by their first names.  We mean no disrespect.

A-1807-19

granted." In the counterclaim, Claudia objected to "Clause No. [seven] of the Will giving the Princeton house to my brother" and further objected to his appointment as executor under the will.

Because the Surrogate did not accept the unverified counterclaim, several days later Claudia filed a motion seeking leave to file an amended answer and counterclaim. See R. 4:67-4(a) ("No counterclaim or crossclaim [in a summary action] shall be asserted without leave of court.").

The amended answer and counterclaim "consent[ed] to removing the Caveat and allowing the Will to be probated. . . ." It also "object[ed] to Clause No. [twelve] of the Will appointing Norman Rost, Executor, and Sonya Bradski as Substitute Executor."[2] The answer requested that Claudia be appointed executor. It further "object[ed] to Clause No. [seven] of the Will giving the Princeton house to my brother Norman Rost. . . ." Claudia did not verify the pleadings or provide any certification or affidavits to support her claims.

In March 2019, the Deputy Surrogate held a telephone conference with the attorneys for Claudia, Norman, and Deborah. Although the Deputy Surrogate suggested the parties sign a consent order allowing the will to be

---

[2] Sonya was one of Claudia's sisters.

probated, Claudia's attorney refused to do so unless the will was modified to contain the conditions listed in Claudia's answer and counterclaim.

Norman's order to show cause was heard on March 27, 2019. Claudia's attorney told the court Claudia had not seen the will until after she filed her caveat. Counsel further stated:

> Judge, we do not oppose the introduction of this will today. The provisions of this will, [ninety] percent of it, my client's okay with. She will withdraw the caveat which I said in my answer. She will allow the will to be probated. She will allow the will to proceed. We are here, Judge, on a motion to allow my counterclaim to proceed. . . .

In addressing the motion to allow the filing of the amended answer and counterclaim, Claudia's counsel argued that Norman should not be the executor of the estate because "he stole about a million dollars from [the] estate. . . ." He also asserted that the Princeton house should not be given to Norman as specified in the will, but rather distributed as part of the estate's assets. Counsel requested time for discovery to prove the alleged claims stating, "I think the heir should be given the opportunity to prove to this [c]ourt that this executor is not honest."

4

The Chancery judge noted the record before him did not support Claudia's allegations, nor did she supply a certification in anticipation of the hearing. He stated:

> I don't have anything in support of this counterclaim today. . . . There's nothing in here to indicate that there's any fact supporting this. This is a return date on the order to show cause. This is a summary trial. Since you already agreed the will could be probated, there's nothing about the proving of the will that needs to be tried so there's no discovery required.

In ruling on the order to show cause, the court stated:

> This is a summary proceeding pursuant to Rule 4:83-1 which requires all actions and probate to be brought in a summary manner. With the exception of matters where there [are] question[s] about the proving of the will pursuant to [Rule] 4:84-2, the matters in probate are to be tried in a summary fashion which means trial on the return date without the need for discovery.
>
> In light of the fact here that there has been agreement that the will can be probated, there is no issue with regard to the proving of the will. There has been no evidence submitted to support the counterclaim. It is an unverified complaint without any underlying facts. Therefore, the [c]ourt finds that . . . plaintiff is entitled to judgment, dismissing the caveat and allowing the will to be admitted to probate.
>
> I'm denying the application to file the counterclaim in light of the fact that there is no underlying support for the counterclaim. So judgment for the plaintiff.

A-1807-19

The court issued a final judgment on March 27, 2019 (amended on March 28, 2019) dismissing Claudia's caveat with prejudice, admitting the will to probate, and denying Claudia's motion to file a counterclaim. Claudia did not move for reconsideration or appeal the order.

On April 26, 2019, Claudia filed a verified complaint and order to show cause demanding an accounting of the estate, the appointment of a temporary executor and attorney's fees for bringing the action. On May 2, 2019, Deborah filed a verified complaint to enforce the in terrorem provision of the will.

During oral argument on the orders to show cause on August 23, 2019, Claudia's counsel argued that Claudia had "never contested this Will. Now, yes, a caveat was filed. That's admitted. The caveat, when it was filed, she had never seen the Will. And the caveat was immediately withdrawn when my answer was filed. So, the caveat is not a contest to the Will." Counsel contended Claudia had not been given the opportunity to present her argument that she had probable cause to file the caveat.

The Chancery court made the following findings:

> [T]he first issue before the [c]ourt is whether the caveat serves as a challenge to the Will in this case. And I would direct the parties to the language in In Re Stockdale, 196 N.J. 275 (200[8]). There, Justice Hoens stated, . . . the caveat is the formal mechanism by which one gives notice of a challenge to a Will that has been

or is expected to be offered for probate[.]  See In Re Myers' Will, 20 N.J. 228, 235 (1955) (explaining that standing to lodge caveat requires status as when injured by probate of the Will being contested); In Re Hand's Will, 95 N.J. Super. 182, 187, (App. Div. 1967) (analyzing requirement of injury sufficient for standing to lodge caveat).

The act of lodging or filing the caveat prevents the surrogate from issuing letters that otherwise would operate so as to authorize a particular individual or entity to begin the administration of the Estate, and causes the matter to be pursued, generally in a summary matter by way of an order to show cause and formal complaint in the Probate Part.  See [R.] 4:83-1.

Alternatively, if a Will has already been admitted to probate, it may be challenged by the timely filing of a complaint in the Probate Part.  See [R.] 4:85-1. . . .  A variety of grounds on which to secure relief are generally available, the most common of which is the assertion that the will was the product of undue influence.  [Stockdale, 196 N.J. at 302.]

So, as I said, this matter had previously been before the [c]ourt back on March 27th.  So, the [c]ourt does find that the filing of a caveat operated as a challenge to the Will unquestionably, based upon the language from Stockdale.  So, the question is whether or not this [c]ourt has already made a determination that there was a lack of probable cause for the caveat.  And as I said during argument, unquestionably, [Claudia] totally failed to present the [c]ourt with any demonstration of any admissible support in connection with her caveat.

The [c]ourt made that finding before, that operates as the law of the case.  The [c]ourt finds, therefore, that pursuant to the statute [ N.J.S.A. 3B:3-47] that there has

7

been no showing of probable cause to support the caveat. Therefore, there is no reason for the [c]ourt to set aside the in terrorem clause. So, I'm going to enter judgment in favor of Deborah Hospital.

The court dismissed Claudia's complaint.

The subsequent September 5, 2019 order provided that: (1) Claudia lacked probable cause to contest the will; (2) the in terrorem clause excluding Claudia from inheriting under the will shall be enforced; and (3) Claudia's share in the estate is devised to Deborah.

Claudia moved for reconsideration. She contended that she withdrew the caveat after she received a copy of the will and that the "only thing I ever challenged was the Executor's conduct prior to the death and just after our mother's death." She also certified that on April 26, 2019 she filed a verified complaint, challenging "Norman's appointment as Executor and . . . provid[ed] ample probable cause to challenge the appointment of the executor, my brother Norman Rost."

After oral argument on November 15, 2019, the Chancery judge denied the motion, stating:

> The [c]ourt's decision at the August 23rd hearing was based upon the [c]ourt's prior decision in which the [c]ourt granted judgment in favor of the executors [to] allow the Will to be probated.

8

Prior to the complaint having been filed, . . . defendant, Claudia Handwerker had filed a caveat to the Will. The caveat was filed on September 18th, 2018 and the caveat read as follows:

"I, Claudia Joan Handwerker, daughter of Annie Rost . . . late of the Town of Princeton, County of Mercer, State of New Jersey, who died on September 12th, 2018, do hereby caveat and protest against the granting of letters of administration or admitting to probate any paper purporting to be the Will of Annie Rost, as well as the appointment of a personal representative of the Estate of Annie Rost."

That caveat necessitated the filing of the complaint and order to show cause by the executor to have the Will admitted to probate and to remove the caveat. As explained by the [c]ourt, both on the last occasion and the occasion prior to that, a caveat is a challenge to the Will and the [c]ourt cited, [In Re Stockdale, 196 N.J. at 275.]

In Stockdale, the Court stated, "A caveat is the formal mechanism by which one gives notice of a challenge to a Will that has been or is expected to be offered for probate."

"The act of lodging or filing the caveat prevents the surrogate from issuing letters that otherwise would operate, so as to authorize a particular individual or entity to begin the administration of the estate and causes the matter to be pursued generally in a summary matter by way of an order to show cause and formal complaint in the probate part[.]" [Id. at 302.]

Now, there's no question in this [c]ourt's mind that trial courts are obligated to follow the holdings under the New Jersey Supreme Court. The legal findings and

9

determinations of the Supreme Court must be accorded conclusive weight by the lower courts. See . . . State v. Breitweiser, [373 N.J. Super. 271, 282-83 (App. Div. 2004).]

"Appellate and trial courts consider themselves bound by the Court's pronouncements whether classified as dicta or not[.]" State v. Dabas, 215 N.J. 114, 136-37.

As if the caveat would not have been enough to demonstrate to the [c]ourt that there was a challenge to the Will, there was also the answer and amended answer that were prepared and submitted by defendant, Handwerker.

On the original answer and counterclaim, Paragraph [two] of the counterclaim reads as follows[:] "I object to Clause Number [seven] of the Will giving the Princeton house to my brother Norman Rost, for reasons set forth below."

Additionally, on the amended answer and counterclaim, Paragraph [three] of the counterclaim reads as follows[:] "I object to Clause Number [seven] of the Will giving the Princeton house to my brother-Norman Rost, for reasons set forth below."

So, this already had been discussed at the time of . . . the original order to show cause by the executor to probate the Will. There was no evidence at all submitted by [d]efendant Handwerker. So, there was no demonstration of any justification whatsoever for the filing of the caveat.

Thus, when Deborah Hospital filed its complaint and order to show cause, it would have been an exercise in futility for the [c]ourt to have to go back and re-examine the record in light of the fact that defendant

Handwerker failed to present the [c]ourt with any facts supporting her caveat at the time of the first return date.

So, for these reasons, the [c]ourt finds that there was no justification for reconsideration of the [c]ourt's decision and the [c]ourt will deny the motion for reconsideration.

The court memorialized its decision in a December 3, 2019 order.

We review the denial of a motion for reconsideration for an "abuse of discretion." Cummings v. Bahr, 295 N.J. Super 374, 389 (App. Div. 1996) (citation omitted). In reviewing a summary action conducted pursuant to Rule 4:67, we accord findings made by the trial judge as binding when supported by adequate, substantial and credible evidence. Rova Farms Resort, Inc. v. Investors Ins. Co. of Am., 65 N.J. 474, 484 (1974). However, a trial judge's "interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference" and are subject to de novo review. Est. of Hanges v. Metro. Prop. & Cas. Ins. Co., 202 N.J. 369, 382 (2010).

On appeal, Claudia argues that her caveat was not a challenge to Annie's will. She argues that the court ignored her proofs at the August 23, 2019 hearing and again erred in denying her motion for reconsideration. We are not persuaded.

11

Six days after her mother's death, Claudia filed the following letter with the surrogate's court:

> I, Claudia Joan Handwerker, Daughter of Annie Rost, late of the town of Princeton, County of Mercer, State of New Jersey, who died on September 12, 2018, <u>do hereby caveat and protest</u> against the granting of Letters of Administration, or admitting to probate any paper writing purporting to be the Will of Annie Rost, as well as the appointment of a personal representative of the Estate of Annie Rost.
>
> [(Emphasis added).]

Norman and Deborah assert that this caveat invoked Paragraph Fourteenth of Annie's will, which stated:

> Any beneficiary under this, my Will, who shall institute, prosecute or abet any action to contest or to set aside in whole or in part this, my Will, shall be excluded from any share or interest in my estate, and I hereby direct that the property or interest to which he or she might otherwise have become entitled shall be devised to <u>DEBORAH HOSPITAL FOUNDATION</u>, for general purposes, absolutely and in fee simple, with the exception that the devises under Paragraphs Seventh and Eighth would become part of my residuary estate and distributed pursuant to Paragraph Ninth.

Claudia contends she did not intend to "contest" the will and therefore Paragraph Fourteenth was not triggered.

An uncontested, straightforward will may be admitted to probate through the Surrogate's Court. However, "if a caveat has been lodged against the will

12

offered or expected to be offered for probate, the Surrogate's Court is not empowered to act and the issues must instead be resolved through proceedings in the Superior Court, Chancery Division, Probate Part. . . ." Stockdale, 196 N.J. at 302. See R. 4:83-1.

As our Supreme Court has stated, "A caveat is the formal mechanism by which one gives notice of a challenge to a will that has been or is expected to be offered for probate." Ibid.

> The act of lodging, or filing, the caveat prevents the Surrogate from issuing letters that otherwise would operate so as to authorize a particular individual or entity to begin the administration of the estate and causes the matter to be pursued, generally in a summary manner, by way of an order to show cause and formal complaint, in the Probate Part.
>
> [Ibid.]

Claudia filed the caveat and refused to withdraw it before litigation ensued. Therefore, as required by Rule 4:83-1, Norman was compelled to commence suit in the Probate Part to dismiss the caveat and admit the will to probate. He filed an order to show cause and a complaint in a summary manner pursuant to Rule 4:67, returnable March 27, 2019. The order to show cause requested the court dismiss the caveat filed by Claudia with prejudice and file and record Annie's will with the Surrogate's Court.

In response, Claudia filed an unverified answer in which she – at that point – consented to the removal of the caveat and allowed the will to be probated. However, in her counterclaims, Claudia objected to Paragraph Twelfth of the Will, in which Norman and Sonya were named executors. She asked that she be named executor instead. She also objected to Paragraph Seventh, under which Annie's home was devised to Norman.

Claudia's argument that the caveat was not a challenge to the will is without merit. Although, upon being sued, she agreed to withdraw the caveat, she continued to object to and contest the will. Despite her contention that she withdrew her caveat, her counterclaims clearly attempted to "contest or to set aside in whole or in part" the provisions laid out in Annie's will, in violation of Paragraph Fourteenth.

As we are satisfied the Chancery court did not err in finding the caveat operated as a challenge to the will, we must then consider whether the court also properly found there was no probable cause to support the caveat. Claudia contends she presented "substantial evidence that her actions were supported by probable cause" and therefore the in terrorem clause is not enforceable. She also asserts she was deprived of her due process rights when the court failed to

conduct an evidentiary hearing to determine whether she had probable cause to file the caveat.

As stated, once Claudia filed her caveat, the Probate Part of the Chancery Division had jurisdiction over the matter. And, as required under Rule 4:83-1, "all actions in the Superior Court, Chancery Division, Probate Part, shall be brought in a summary manner by the filing of a complaint and issuance of an order to show cause pursuant to [Rule] 4:67." "Summary actions are, by definition, short, concise, and immediate, and further, are 'designed to accomplish the salutary purpose of swiftly and effectively disposing of matters which lend themselves to summary treatment.'" MAG Entm't LLC v. Div. of Alcoholic Beverage Control, 375 N.J. Super. 534, 551 (App. Div. 2005) (quoting Depos v. Depos, 307 N.J. Super. 396, 399 (Ch. Div. 1997)).

If a court is satisfied that a plaintiff's application is sufficient, the court "shall order the defendant to show cause why final judgment should not be rendered for the relief sought." R. 4:67-2. "The court shall try the action on the return day" and if "the affidavits show palpably that there is no genuine issue as to any material fact, the court may try the action on the pleadings and affidavits and render final judgment thereon." R. 4:67-5. "If any party objects to such a trial and there may be a genuine issue as to a material fact, the court shall hear

the evidence as to those matters which may be genuinely in issue and render final judgment." Ibid.

Norman filed a verified complaint and order to show cause to dismiss the caveat and admit the will to probate pursuant to Rule 4:83-1. In response, Claudia filed an answer and counterclaim and a subsequent amended answer and counterclaims. All of the submitted and proffered pleadings were unverified.

At the hearing on the return date of the order to show cause, March 27, 2019, Claudia sought the court's leave to file her amended answer and counterclaim. Her attorney stated, "[w]e want to correct some . . . things in the will" and "prove that this executor is not honest enough to conduct the job." Claudia's counsel admitted that "[t]hese are allegations, Judge." Moreover, during argument on the motion for reconsideration, Claudia's counsel candidly admitted: "[W]e didn't offer anything in March to support our caveat. We didn't offer any probable cause in March. We didn't really come up with anything in March. That's all true Judge."

Based on the record before us, Claudia was accorded adequate due process. Norman's complaint and order to show cause were brought as a summary action under Rule 4:83-1. The court properly tried the action on the return day pursuant to Rule 4:67-5. Claudia had the burden to produce evidence

16

to the court to establish why Norman's requested relief should not be granted. Because Norman sought to admit the will in its entirety and Claudia challenged two provisions of the will, it is clear Claudia continued to contest the will and, therefore, she was required to show probable cause to support her caveat on the return date.

Claudia did not do so. She did not present any verified pleadings, affidavits, or certifications to rebut the complaint. To the contrary, even six months after the filing of the caveat, on the day of trial of the summary action, her attorney requested time and discovery to prove her allegations. Because there was "no genuine issue as to any material fact," the court properly decided the action on the pleadings. See R. 4:67-5.

N.J.S.A. 3B:3-47 provides that "[a] provision in a will purporting to penalize any interested person for contesting the will or instituting other proceedings relating to the estate is unenforceable if probable cause exists for instituting proceedings." See Haynes v. First Nat. State Bank of N.J., 87 N.J. 163, 189 (1981) ("We . . . decline to enforce an in terrorem clause in a will or trust agreement where there is probable cause to challenge the instrument.").

Following the August 23, 2019 arguments, the court found Claudia did not present any evidence to support her challenge to the will at the March 27

hearing on the order to show cause.  The court affirmed its decision that the caveat was a challenge to the will during the arguments on Claudia's motion for reconsideration.  The judge stated:

> As if the caveat would not have been enough to demonstrate to the [c]ourt that there was a challenge to the Will, there was also the answer and amended answer that were prepared and submitted by defendant, Handwerker.
>
> On the original answer and counterclaim, Paragraph [two] of the counterclaim reads as follows[:] "I object to Clause Number [seven] of the Will giving the Princeton house to my brother Norman Rost, for reasons set forth below."
>
> Additionally, on the amended answer and counterclaim, Paragraph [three] of the counterclaim reads as follows[:] "I object to Clause Number [seven] of the Will giving the Princeton house to my brother Norman Rost, for reasons set forth below."
>
> So, this already had been discussed at the time of . . . the original order to show cause by the executor to probate the Will.  There was no evidence at all submitted by [d]efendant Handwerker.  So, there was no demonstration of any justification whatsoever for the filing of the caveat.
>
> Thus, when Deborah Hospital filed its complaint and order to show cause, it would have been an exercise in futility for the [c]ourt to have to go back and re-examine the record in light of the fact that defendant Handwerker failed to present the [c]ourt with any facts supporting her caveat at the time of the first return date.

18

A-1807-19

So, for these reasons, the [c]ourt finds that there was no justification for reconsideration of the [c]ourt's decision and the [c]ourt will deny the motion for reconsideration.

The absence of probable cause for the filing of the caveat requires the enforcement of the in terrorem clause as a matter of law. The trial court properly found that Claudia's caveat was an action challenging the will in derogation of the in terrorem clause under Paragraph Fourteenth of Annie's will.

Any claims not addressed lack sufficient merit to warrant extended discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

19

A-1807-19